THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN FOREST, Appellant.

First Department, December 30, 1975

*Diana A. Steele* of counsel *(William E. Hellerstein* and *William J. Gallagher,* attorneys), for appellant.

*Barry L. Kluger* of counsel *(Mario Merola, District Attorney),* for respondent.

STEVENS, P. J. Defendant-appellant (defendant) was charged in a 12-count indictment with three separate robberies, two of which were committed on February 1, 1973 (the McCoy and McCloskey robberies) and the other (the Knox robbery) which was committed on February 27, 1973. The jury acquitted defendant of all counts relating to the McCloskey and Knox robberies. All of the robberies involved purse snatchings in The Bronx. Knox and McCloskey were unable to identify defendant as the perpetrator of the crimes against them and in those cases the People relied upon the testimony of two eyewitnesses who identified defendant in court. In the McCoy robbery the victim, Gloria McCoy, was shown an array of photographs by the police and first chose the picture of a different person and identified him as the man who robbed her. Subsequently, she selected a picture of defendant from a different group of photos and identified him as the robber.

By an omnibus motion dated June 18, 1973, defendant, in addition to seeking suppression of the identifications, moved for severance and separate trials of the counts of the indictment relating to the three robberies, urging that his right to a fair trial would be jeopardized by a joint trial of the charges. Following a *Wade* hearing defendant renewed this motion which the court denied. At the *Wade* hearing, Mrs. McCoy and the two eyewitnesses to the other robberies testified. While the grant or denial of a motion for severance is discretionary with the court, we are of the view that in this case, in light of the testimony as it developed at the *Wade* hearing,

the denial of defendant's renewed motion to sever was an improvident exercise of discretion. At the *Wade* hearing the court had a full opportunity to hear and assess the testimony of Vincent De Marco and Anthony Sausto, one a witness to the Knox robbery and the other a witness to the McCloskey robbery, particularly as it dealt with their identification of defendant. Those witnesses' opportunity for observation and their power of recall coupled with the identification testimony in the McCoy robbery demonstrated a strong possibility, all three crimes being of a similar nature, of a conviction by reason of their cumulative effect rather than on the strength of the specific evidence regarding each crime. Under the circumstances, a severance was warranted for good cause and in the interests of justice (CPL 200.20, subd 3).

Defendant also contests the validity of the court's charge on reasonable doubt. The People are bound to prove the guilt of the defendant beyond a reasonable doubt and a charge as here that the standard of proof is to a "reasonable certainty" or "reasonable and moral certainty" permits a lesser standard and constituted error.

Defendant further contends that the court erred when, after the defense on cross-examination of Mrs. McCoy elicited testimony of her initial misidentification of her assailant, it permitted her, over objection, to testify on redirect to her later identification of defendant from a different set of photographs. Defendant asserts that this impermissibly allowed the witness to thus bolster her own testimony. The People urge, however, that defendant by his cross-examination opened the door to such testimony on the theory of "recent fabrication" and that such testimony was proper in order to rehabilitate the witness.

The general rule is that a witness may not testify that she previously made a photographic identification of the defendant *(People v Baker,* 23 NY2d 307, 323). Where a witness cooperated with a police artist in the preparation of a composite sketch of a defendant, a copy of the sketch and the testimony of the witness regarding such assistance is not admissible on direct examination *(People v Griffin,* 29 NY2d 91, 93). An exception to the general rule that a witness may not testify to an extrajudicial identification of a photograph exists where the testimony of a witness is "assailed as a 'recent fabrication', [then] proof of prior consistent statements of the witness, made at a time when there was no motive to falsify, may be

received in order to repel such imputation" (Richardson, Evidence [10th ed], § 519). Thus, in *People v Coffey* (11 NY2d 142) a sketch drawn by a police artist from particulars given him by a witness two months before defendant's arrest was admitted into evidence because defense counsel, by cross-examination of the witness and statements to the court, had endeavored to show to the jury that the witness's testimony was a "recent fabrication."

However, not every question asked of a witness which establishes an inconsistency in the witness's testimony may be fairly characterized as assailing such witness's testimony as a recent fabrication. The nature and extent of the interrogation as well as the probative value of what essentially is bolstering testimony designed to rehabilitate the witness, together with any possible prejudice or infringement of defendant's rights are all elements to be considered. Where the question is one of identity, the strength of such identification testimony should also be considered. "As for previous identification from photographs, not only is it readily possible to distort pictures as affecting identity, but also where the identification is from photographs in the rogues' gallery (even though the name or number on the picture has been excinded *[sic]*) the inference to the jury is obvious that the person has been in trouble with the law before. Such an inference is accentuated where the defendant fails to take the witness stand." *(People v Caserta, 19 NY2d 18, 21.)* In *People v Caserta (supra)*, it was held error to receive the testimony of a police officer that he previously identified defendant from photographs (see also CPL 60.30).

In my opinion the nature and extent of the cross-examination of Mrs. McCoy was directed at establishing a misidentification by the witness, and did not assail her testimony as a recent fabrication. For the most part cross-examination tests the power of a witness to observe, recall and to narrate. The showing of an error in one phase of the process leading to a misidentification, standing alone, is not per se an attack upon the witness's veracity sufficient to impute that such testimony is a recent fabrication. " 'Recently fabricated' means the same thing as fabricated to meet the exigencies of the case" *(People v Singer,* 300 NY 120, 124). While not all of the court is in accord with the view herein expressed, that it was error to permit the People on redirect to bring out the subsequent selection by Mrs. McCoy of the defendant's photograph from a different set of pictures, it might be noted that the witness

conceded that there were few, if any, points of similarity in the appearance of defendant and the photograph of the person first chosen.

Finally, the court ruled that defense counsel by his interrogation of Mrs. McCoy as to the prior photographic misidentification, had opened the door to testimony of prior photographic identification not only in the McCoy case, but in the other robberies charged in the indictment. Thus, it permitted testimony, on redirect examination, by De Marco in the Knox robbery and by Sausto in the McCloskey robbery regarding their prior photographic identifications of defendant. Since both were bystanders to the crimes about which they testified, it was clearly error to permit such testimony which could only have as its object the bolstering of their testimony (see *People v Caserta,* 19 NY2d 18, *supra; People v Cioffi,* 1 NY2d 70; Richardson, Evidence, *supra,* § 519 *et seq.).* The cumulative effect of such errors cannot be discounted.

The judgment rendered April 15, 1974 in Supreme Court, Bronx County (RAMOS, J.), convicting defendant after a jury trial, should be reversed on the law and in the interests of justice and a new trial ordered.

The judgment rendered April 26, 1974 in Supreme Court, Bronx County (BERNSTEIN, J.), convicting defendant, after a plea of guilty, of petit larceny, should be affirmed.

KUPFERMAN, J. (dissenting in part). While I concur in the court's determination, I cannot agree that it was error to allow the testimony on redirect of the complaining witness, Mrs. McCoy, of her later identification of defendant from a different set of photographs. There is no need to cubbyhole the redirect testimony as an answer to a claim of recent fabrication. *(People v Coffey,* 11 NY2d 142, 146.) The real question is whether it was "bolstering" testimony or for the purpose of explanation. The cross-examination having elicited testimony of initial misidentification, it was only natural and proper that the circumstances thereof and the later corrected identification be placed before the triers of fact.

CAPOZZOLI and LANE, JJ., concur with STEVENS, P. J.; MARKEWICH and KUPFERMAN, JJ., dissent in part in an opinion by KUPFERMAN, J., as to judgment rendered April 15, 1974.

Judgment, Supreme Court, Bronx County, rendered on April

15, 1974, reversed, on the law and in the interests of justice, and a new trial directed.

Judgment, Supreme Court, Bronx County, rendered on April 26, 1974, unanimously affirmed.