■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LINDSAY, Appellant.—Judgment, Supreme Court, Bronx County, rendered on February 10, 1976, convicting defendant, after trial before Kapelman, J., and a jury, of the crimes of murder, two counts of robbery in the first degree and possession of a weapon as a felony, reversed, on the law, and a new trial directed. Patrick Kennedy, a bartender at the tavern where the defendant and his accomplice are alleged to have committed the robbery, testified for the prosecution at the trial. He identified the defendant as one of the robbers. On cross-examination he admitted that, in the course of being interviewed by a private investigator acting for the defendant, he identified the photograph of one other than the defendant, or his accomplice, as a participant in the robbery. This admission was intended by the defendant to demonstrate that Kennedy was an unreliable witness insofar as establishing the defendant's identification. The admission of Kennedy was not attacked as recently fabricated testimony, but, rather, as an indication of misidentification. Accordingly, the court erred when, upon rebuttal, it permitted Kennedy to testify that he had previously identified defendant from police photographs and had assisted a police officer in making a composite sketch of the defendant. "It was clearly error to permit such testimony which could only have as its object the bolstering of their [Kennedy's] testimony [citing cases]." *(People v Forest,* 50 AD2d 260, 264; see also *People v Baker,* 23 NY2d 307, 323.) The proof of guilt was not so overwhelming that we may view the error as harmless. A new trial is required. We have reviewed the other contentions raised by this defendant and find them to be without merit. Concur—Silverman, Capozzoli and Lane, JJ.; Kupferman, J. P., and Nunez, J., dissent in the following memorandum by Kupferman, J. P.:

KUPFERMAN, J. P. (dissenting). My dissent in *People v Forest* (50 AD2d 260, 264), applies with equal validity in this matter. There was a valid purpose for the testimony other than "bolstering", and there is no need to try to fit it in the framework of the rule on recent fabrication. Accordingly, I would affirm.