Bentley Kassal, J.
issue
The issue presented by defendant’s request to charge is whether the court must instruct the jury that defendant’s guilt must be proven "to a moral certainty”, as part of the definition of "reasonable doubt”.
AUTHORITY FOR CHARGE
Certainly there is much authority which, on first glance, might appear to support defendant’s request. The term appears in the standard references on jury charges, such as Dowsey, Charges to the Jury in a Criminal Case in New York (Form No. 18), and the Handbook of Jury Trial Procedure and Charges issued for the Supreme Court of the State of New York, Criminal Branch, First Judicial District ([Dec., 1973], p 44).
More significantly, the test of proof "to a moral certainty” appears in numerous Court of Appeals and other appellate court decisions. (See, e.g., People v Montanez, 41 NY2d 53, 57; People v Benzinger, 36 NY2d 29, 32 (1974); People v Cleague, 22 NY2d 363, 366; People v Weiss, 290 NY 160, 163; People v Smith, 162 NY 520, 529; People v Bennett, 49 NY 137, 144; Ruloff v People, 18 NY 179, 183; see, also, Richardson, Evidence, [10th ed], § 148.)
DEFINITION OF MORAL CERTAINTY
The question posed to this court, however, is what does the term "moral certainty” mean. Does the interpretation of the term depend on the individual juror’s religious belief, values or philosophy? If so, it might run the gamut of a standard of absolute certainty for some individuals and mean little more than firm belief to others, depending upon their own subjective evaluations. The typical definitions for "moral” judgments are synonymous with "ethical”, "good” and "righteous” decisions as opposed to intellectual, factual conclusions. (See, e.g., *207 Webster’s New International Dictionary [2d ed, 1934], p 1592.) Thus they deal with values relating to right or wrong, good or evil rather than truth or falsity, which questions of fact are the only issues which the jury should properly consider. Moral judgment is not the criterion.
HISTORY OF TERM
In attempting to determine an adequate definition for this term, I have examined its history and development.
The test apparently originated in Commonwealth v Webster (59 Mass 295, 320). The Supreme Judicial Court of Massachusetts stated in its charge that the "evidence must establish the truth of the fact to a reasonable and moral certainty; a certainty that convinces and directs the understanding, and satisfies the reason and judgment of those who are bound to act conscientiously upon it.” Early commentators also propounded the standard. (See, e.g., Wills, Principles of Circumstantial Evidence 8, 320 et seq. [7th ed, 1936]; Starkie, Law of Evidence [10th ed, 1876], p 861.) But, while the same test was suggested by Starkie as the burden of proof for criminal cases generally, at least one commentator states that it was never adopted in this State. (See Fisch, New York Evidence, § 1091.)
MORAL CERTAINTY V REASONABLE DOUBT
While this might provides some clarification, it fails to distinguish the test of proof to a "moral certainty” from the prosecution’s burden of "proof beyond a reasonable doubt”.
In People v Forest (50 AD2d 260), the court held that the trial court’s charge that the standard of proof was to a "reasonable and moral certainty” permitted a lesser standard than reasonable doubt and constituted reversible error. Other courts have equated the tests: "Then, what is reasonable doubt? * * * the evidence must establish the truth of the fact to a reasonable and moral certainty” (Commonwealth v Webster, 59 Mass 295, 320). "Whether the expression used is 'beyond a reasonable doubt,’ or 'to a moral certainty,’ is immaterial; for they are synonymous” (People v Bonifacio, 190 NY 150, 155). (Accord Commonwealth v Costley, 118 Mass 1, 25; Hopt v Utah, 120 US 430, 440; see, also, 27A Words and Phrases, "reasonable and moral certainty”, pp 171-173, and cases cited therein.) One commentator has suggested that "Perhaps this 'moral certainty’ rule is intended merely to re *208 emphasize to the jury the principle that the defendant’s guilt must be established beyond a reasonable doubt, a re-emphasis deemed necessary when the evidence is wholly circumstantial.” (Richardson, Evidence [10th ed], § 148), but it has also been stated that circumstantial evidence is no less probative than direct evidence and must be given equal weight by the jury. (See, e.g., People v Wachowicz, 22 NY2d 369, 373.)
CONCLUSION
The mere fact that the term "proof to a moral certainty” appears in treatises or appellate decisions does not necessarily mean that it is appropriate for instructing the laymen who sit on our juries. As stated by Mr. Justice Page, in Matter of Eno (196 App Div 131, 166): "The reading of excerpts from judicial opinions in other cases is calculated to mislead rather than help the jury. In an opinion by the Supreme Court of Pennsylvania it was well stated: 'Judicial opinions are written to guide judges, not juries, and the judge who presides at the trial is expected to deduce the rules of law applicable to the case from all that has been recorded for his instruction, and to deliver them to the jury relieved, as much as possible, from the verbiage in which they are found clothed.’ (Hood v. Hood, 25 Penn. St. 417, 422.)”
In this regard even our Court of Appeals has concluded that the "test [proof to a moral certainty] at times, tends to be a confusing form of words (see Richardson, Evidence [9th ed.], § 152) and should not be a substitute for reasoned thought” (People v Borrero, 26 NY2d 430, 435). Nor has the test been free from criticism in other jurisdictions.
In State v Koski (100 W Va 98), the Supreme Court of Appeals of West Virginia refused to instruct the jury that it had to be convinced of the defendant’s guilt "beyond a reasonable doubt” and "to a moral certainty” on the ground that used together they were likely to mislead the jury as to the degree of proof necessary to convict, even though it acknowledged that they were synonymous.
Finally, in Hopt v Utah (supra, p 440), Justice Field concluded: "The difficulty with this instruction is, that the words 'to a reasonable and moral certainty’ add nothing to the words 'beyond a reasonable doubt;’ one may require explanation as much as the other.”
"A court’s charge is not like a corporate indenture, able to *209 be studied at leisure, valid if all technical recitals are to be found within its four corners. Rather, it is a means to guide laymen, in plain and practical fashion, in the discharge of a solemn responsibility.” (People v Lupo, 305 NY 448, 452.)
I find that the requested charge would not assist the jury in its deliberations, but rather, would only tend to confuse them by adding a further improper element.
For the above reasons I refuse to charge that there must be proof of guilt to a moral certainty.