The People of the State of New York, Respondent, v James Fox, Appellant.

First Department, January 3, 1980

## APPEARANCES OF COUNSEL

*John D. B. Lewis* of counsel *(William E. Hellerstein,* attorney), for appellant.

*Michael Gary Hilf* of counsel *(Robert M. Morgenthau, District Attorney),* for respondent.

## OPINION OF THE COURT

*Per Curiam.*

In this case, as in a number of recent criminal appeals, defendant urges that it was error for the trial court to charge that proof of guilt beyond a reasonable doubt is synonymous with proof "to a moral certainty." We take this occasion to state that in our view this is not error.

The correct and determinative standard is of course that guilt must be proved beyond a reasonable doubt. And in every case the trial court should explicitly charge that as the

determinative standard, using the statutory phrase "beyond a reasonable doubt." (CPL 300.10, subd 2.) But this does not mean that elaboration and semantic variations on this theme which do not reduce the standard are error, especially when the determinative standard is also stated in the statutory form in the charge. (Cf. *People v Jones,* 27 NY2d 222.) (In an unpredictable world, cautious Trial Judges will of course continue to try not to stray from language that has been approved by appellate courts.)

In particular, it is not error to equate the standard of proof of guilt beyond a reasonable doubt to proof "to a moral certainty." The phrase "to a moral certainty" has been used in this State by generations of Trial Judges. "Whether the expression used is 'beyond a reasonable doubt,' or 'to a moral certainty,' is immaterial; for they are synonymous and each, simply, means that the proof must be such as would satisfy the judgment and consciences of the jurors that the crime charged had been committed by the defendant and that no other reasonable conclusion was possible." *(People v Bonifacio,* 190 NY 150, 155; see, also, *People v Jones,* 27 NY2d 222; *People v Kennedy,* 47 NY2d 196, 202.)

We cannot imagine that a jury that might acquit a defendant under a standard of "beyond a reasonable doubt" would convict that defendant under a standard of "moral certainty." Verdicts are not determined, and cases should not turn, on such meaningless semantic distinctions and subtleties.

*People v Forest* (50 AD2d 260, 262) is frequently cited as an authority in our court for the proposition that equating proof of guilt beyond a reasonable doubt to proof "to a moral certainty" is error. In fact the phrase criticized in *People v Forest (supra)* was not the unadorned "to a moral certainty." To the extent however that *People v Forest* may be read as indicating that it is error to charge a standard of proof of guilt "to a moral certainty," it does not reflect our present view.

We take this opportunity again to repeat the admonition that it is undesirable in criminal cases to refer to "your minds are wavering * * * the scales are even," even as one of the alternatives which result in acquittal. That statement is formally correct, especially in the context of a statement in the charge that if either of those alternatives is true, "or if you have such a reasonable doubt * * * as to any element of the particular crimes," then the jury must acquit. It is however better to reduce the risk, however remote, that a juror might

draw the negative inference that if the scales are uneven, that is enough to convict. (Cf. *People v Cohen,* 61 AD2d 929.)

We have considered the other points urged by appellant, and we do not think that they warrant a reversal in this case.

The judgment of the Supreme Court, New York County (BERMAN, J.), rendered April 7, 1978, convicting defendant, after jury trial, of robbery in the second degree (Penal Law, § 160.10, subds 1, 2, pars [a], [b]) and sentencing him thereon, should be affirmed.

KUPFERMAN, J. P., SANDLER, SULLIVAN, BLOOM and SILVERMAN, JJ., concur.

Judgment, Supreme Court, New York County, rendered on April 7, 1978, affirmed.