Fuchsberg, J.
(concurring). While I am otherwise in agreement with the result and reasoning of the court in this case, I write separately because of my differing view on the defendant’s request that the court charge the jury that, since the evidence was wholly circumstantial, the facts from which the inferences were to be drawn had to “exclude to a moral certainty every other reasonable hypothesis” (emphasis supplied). Unlike the court’s brief memorandum, from which one might gather that the failure to charge the moral certainty formulation is a harmless *731 omission of a desirable charge, it is one that should no longer be so employed at all. The Trial Judge, therefore, was eminently correct, not merely because the charge he did give was one which “adequately inform [ed] the jury as to the burden of proof”, but because he denied defendant’s request that he add one built around “moral certainty”.
In reaching this conclusion, I am in agreement with the District Attorney, who, in essence, maintains that the standard of proof required in circumstantial, as in noncircumstantial, criminal cases, is that of proof beyond a reasonable doubt and that, in this context, the phrase “moral certainty” is not only a “confusing form of words” (People v Kennedy, 47 NY2d 196, 201-203; see, also, People v Porrero, 26 NY2d 430, 434-435; People v Benzinger, 36 NY2d 29, 32; People v Wachowicz, 22 NY2d 369, 372-373), but unnecessary to a charge on this subject.
In so saying, I am, of course, conscious of the fact that this court has long and repeatedly, and most often unanimously and, therefore, with my concurrence as well, approved the appending of the phrase “moral certainty” to the conventional “beyond a reasonable doubt” charge. In the main, our rationale has been that the added words, with seeming salutariness, would serve to impress the jury with what we perceived to be a special need “to perform a complex analytical function” when purely circumstantial evidence of guilt is weighed (People v Barnes, 50 NY2d 375, 380; see, also, People v Gerard, 50 NY2d 392, 397; People v Piazza, 48 NY2d 151, 158; People v Montanez, 41 NY2d 53, 57; People v Benzinger, supra, p 33; People v Morris, 36 NY2d 877). But our opinions did not focus on the risk that it would mislead the jurors or, worse, dilute the constitutionally required standard of proof. Moreover, I am bolstered in my resolve to say my piece by the host of commentators, jurists and lexicographers who, directly or indirectly, bear witness to the flaws inherent in the added charge.
I begin with the undebatable proposition that the burden of proof which the People must carry to the point of conviction is to establish all the essential elements of a crime beyond a reasonable doubt — no more and no less (Matter of *732 Winship, 397 US 358, 364). Thus, while clarification or emphasis of the “beyond a reasonable doubt” rule — though it is one with whose connotations few laymen are unfamiliar —is permissible and perhaps useful, from the defendant’s perspective, it may not be put in a form which reduces the standard and, from society’s vantage point, it ought not raise it, as, for instance, to one of absolute certainty. As the unanimous Supreme Court put it: “Circumstantial evidence in this respect is intrinsically no different from testimonial evidence. Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result. Yet this is equally true of testimonal evidence. In both instances, a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. In both, the jury must use its experience with people and events in weighing the probabilities. If the jury is convinced beyond a reasonable doubt, we can require no more” (Holland v United States, 348 US 121, 140). Holland has been consistently followed in the Federal courts (see 1 Devitt and Blackmar, Federal Jury Practice and Instructions [3d ed], § 15.02, p 443).
The trouble with using “moral certainty” for this purpose is self-apparent. A lay jury will understand what “certainty” means, but “beyond a reasonable doubt” does not embrace any concept as definite as that. “Moral” conveys multifaceted ideas, among which ethical, aspirational or behaviorial ones preponderate. None of these, however, is synonymous with the rational picture conjured up by the word “reasonable” (e.g., Oxford Universal Dictonary [3d ed] [“pertaining to good and evil”, “founded on moral law”]; Webster’s New World Dictionary [3d ed] [“pertaining to good and evil”, “founded on moral law”] ; Webster’s New World Dictionary, Encyclopedic ed [1951] [“good or right in conduct or character”]; Standard Dictionary of the English Language, Funk & Wagnalls ed [1895] [“pertaining to the practices, conduct or spirit of men towards God, themselves and their fellow man, with reference to right and wrong and obligation to duty”]; Random House Dictionary of the English Language [“righteous”, “just”, “distinction between right and wrong”, “ethical”, “founded on the fundamental principles *733 of right conduct rather than legalities, enactment or custom”] ).
And, when the words “moral” and “certainty” are used together and in that order, all five sources equate it with “probability”. Needless to say, to this the nearest legal standard of proof would be the civil law’s preponderance of evidence rather than that of the criminal law’s “beyond a reasonable doubt”. The inexactness of the phrase may have been best noted in Commonwealth v Costley (118 Mass 1, 24), as follows: “ ‘Probable evidence’, says Bishop Butler in the opening sentence of his Analogy, ‘is essentially distinguished from demonstrative by this, that it admits of degrees, and of all variety of them, from the highest moral certainty to the very lowest presumption’.”
Little wonder that McCormick, figuratively throwing up his hands, tells us that the use of “moral certainty” to help define “reasonable doubt” “has been caustically criticized as raising more questions than it answers” (McCormick, Evidence [2d ed], § 341, p 799), while Wigmore (9 Wig-more, Evidence [3d ed], § 2497, p 321), among copious citations critical of such usage, includes two rhetorical questions, which sum it well up: “ ‘Why not leave the courts and juries alone to grapple as best they may with the difficulty of determining, without any test, what constitutes a reasonable doubt, without adding to that difficulty the certainly equal difficulty of determining what constitutes a moral certainty? What possible end can such a heaping up of indefinable terms serve, but to confuse and baffle rather than enlighten and aid the average juror?’ ” (May, Some Rules of Evidence: Reasonable Doubt in Civil and Criminal Cases, 10 Amer L Rev 642).
Struggling against such reality, in actual practice in this State the utilization of the “moral certainty” phrase, not surprisingly, has had a checkered course. So, in People v Forest (50 AD2d 260, 262), Presiding Justice Stevens found the use of “reasonable certainty” or “reasonable and moral certainty” to be erroneous because either permitted a lesser standard than proof beyond a reasonable doubt. Forest was followed in People v Cavallerio (71 AD2d 338, 345), but was rejected in People v Fox (72 AD2d 146,147), *734 where another panel, quoting People v Bonifacio (190 NY 150, 155), found the distinction to be of no moment. And, among others,. Judge Bentley Kassal, in a well-written opinion at nisi prius, found the term “confusing” and declined to charge it as a definition of reasonable doubt (People v Hicks, 91 Misc 2d 205, affd 70 AD2d 1061).
All this does not mean circumspect explanations of the difference between direct and circumstantial evidence, and that a uniform standard applies to both, is not in order. So, for example, Devitt and Blackmer (Federal Jury Practice and Instructions) recommends a charge which reads:
“§ 15.02 Direct Evidence — Circumstantial Evidence “There are two types of evidence from which you may find the truth as to the facts of a case — direct and circumstantial evidence. Direct evidence is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness; circumstantial evidence is proof of a chain of facts and circumstances indicating the guilt or innocence of a defendant. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case. After weighing all the evidence, if you are not convinced of the guilt of the defendant beyond a reasonable doubt, you must find him not guilty.”
And in the present case, Justice Ivan Warner, in a charge which unconfusedly seems to parallel charge 1:70 of the New York Patterns and Jury Instructions, told the jury: “Circumstantial evidence, ladies and gentlemen, is evidence founded on experience and observed facts and incidents establishing a connection between the known and proved facts and the facts sought to be proved.
“The evidence commonly comes from several witnesses and different sources forming a chain of circumstances pointing to the existence of the fact.
“In order to prove a fact by circumstances, there must be positive proof of some fact which although true does not itself directly establish the fact in dispute but affords a reasonable inference of its existence.
*735 “The fact or facts upon which it is sought to base an inference must be shown and not left to rest in conjecture and, when shown, it must appear that the inference drawn is the only one that can fairly and reasonably be drawn from the facts and that any other explanation is fairly and reasonably excluded.”
Finally, in essaying this concurring dissertation, I take heart from the wise words of former Chief Judge (then Judge) Charles S. Desmond, who, after reciting pithy statements to the same effect by others, framed them in his inimitably direct style to say, “We act in the finest common-law tradition when we adapt and alter decisional law to produce common-sense justice” (Woods v Lancet, 303 NY 349, 355).
Chief Judge Cooke and Judges Gabrielli, Jones and Wachtler concur; Judge Fuchsberg concurs in a concurring opinion in which Judges Jasen and Meyer concur.
Order affirmed in a memorandum.