■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY SANDOVAL, Appellant. — Judgment, Supreme Court, Bronx County (Warner, J.), rendered on December 10, 1980, unanimously affirmed. Concur — Ross, J. P., Carro and Bloom, JJ.

Kassal, J., concurs in a memorandum as follows: I concur in the result, but I take this opportunity to express my views pertaining to the inappropriate use of the expression "to a moral certainty" in instructing a jury. I object to its use whether or not such phrase is appended to the words "beyond a reasonable doubt" or if used in connection with the pattern charge given for the evaluation of circumstantial evidence. Judge Fuchsberg recently took cognizance of the inherent difficulties encountered when a Trial Judge instructs a jury in language containing the phrase " 'to a *moral certainty*' " (*People v Gonzalez*, 54 NY2d 729, 730). One of the principal responsibilities of a Trial Justice is to ensure that the jury fully comprehends the charge. Some Trial Judges have declined requests to use the term in defining " 'reasonable doubt' ", concluding that, while the phrase " 'to a moral certainty' " might be synonymous with the term " 'beyond a reasonable doubt' ", its use was "likely to mislead the jury as to the degree of proof necessary to convict". (*People v Hicks,* 91 Misc 2d 205, 208, affd 70 AD2d 1061.) "To a moral certainty" is not a constructive addition to any charge and, conceivably in some situations, may lead to error. At best, these words in the context of a criminal trial are confusing and should be eliminated from the lexicon of the Judge in charging a jury on any aspect of the proof. However, in light of the overwhelming proof of defendant's guilt, the use of the phrase here was harmless (*People v Crimmins,* 36 NY2d 230).