■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR SABLE, Appellant.—Judgment of the Supreme Court, New York County (Albert P. Williams, J.), rendered on April 4, 1985, convicting defendant, following a jury trial, of 20 counts of robbery in the first degree and 15 counts of robbery in the second degree and sentencing him, as a second violent felony offender, to consecutive and concurrent terms of imprisonment aggregating 41½ to 83 years, is unanimously reversed on the law and the matter remanded for a new trial.

Beginning on January 16, 1985, defendant was tried on a consolidated indictment alleging a series of separate robberies. At the conclusion of the evidence, the court delivered an oral charge to the jury, followed by the submission of partial written instructions. The jury thereafter found defendant guilty of numerous robbery counts encompassing seven different criminal transactions. However, the law is clear that the distribution in writing to the jury of only certain portions of the charge constitutes reversible error mandating a new trial *(People v Owens,* 69 NY2d 585). As the Court of Appeals explained therein, such an action creates "the potential for prejudice by inviting the jury to place undue emphasis on those matters contained in the written submission, subordinating those portions of the charge—favorable to the defense— contained in the oral charge" (at 591). Since a new trial is required on this ground alone, it is unnecessary to reach the other errors which are alleged to have occurred at defendant's trial. We have considered defendant's challenge to the adequacy of the lineup identification of defendant and find it to be without merit.

However, we agree with the defense contention that it was error to try the defendant on all seven of the separate robberies with which he was charged, particularly in light of the fact that as to some there was "[s]ubstantially more proof on one or more such joinable offenses than on others and there is a

substantial likelihood that the jury would be unable to consider separately the proof as it relates to each offense" (CPL 200.20 [3] [a]; cf., *People v Forest,* 50 AD2d 260, 261-262). We reserve for the consideration of the trial court, upon an appropriate motion, the nature of the severance that would be appropriate under the circumstances presented. Concur—Sandler, J. P., Sullivan, Carro, Milonas and Smith, JJ.