■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ROSA, Appellant.—Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered January 5, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and sentencing him, as a

second felony offender, to two concurrent terms of imprisonment of from 6 to 12 years, unanimously affirmed.

On July 17, 1987, defendant was indicted for the crimes of which he was ultimately convicted. These charges stemmed from a sale of cocaine which took place on July 2, 1987 at approximately 6:15 P.M. at the rear of 64 Essex Street in Manhattan. Three police officers in an unmarked police van stopped at a red light observed as defendant handed a glassine envelope containing white powder to one Sylvia Rivera. Both defendant and Rivera were arrested and, during searches incident to the arrests, the officers recovered one glassine envelope containing white powder from Rivera's jacket pocket and three glassine envelopes of white powder with the same stamp from defendant's waistband. Laboratory testing established that the envelopes contained cocaine. On appeal, defendant alleges that he was deprived of a fair trial by the prosecutor's improper cross-examination and summation, and that his sentence should be reduced in the interest of justice. Upon examination of this record, we conclude that these claims are without merit.

First, as defendant himself concedes, his complaints of misconduct by the prosecutor were not preserved by appropriate objections for appellate review as a matter of law. (CPL 470.05 [2]; *People v Tardbania,* 72 NY2d 852, 853.) Nor is this a case that calls for the exercise of interest of justice jurisdiction, since many of the defendant's appellate complaints are minor in nature, and the evidence of his guilt is overwhelming.

With respect to defendant's claim that the trial court's charge on reasonable doubt misled the jury and diluted the People's burden of proof, we note, once again, that these challenges have not been preserved for appellate review, since defendant did not object to these instructions or request additional instructions. *(People v Creech,* 60 NY2d 895.) In any event, upon examination of the charge on reasonable doubt as a whole, we find that it was fair and correct. *(See, People v Mosley,* 67 NY2d 985, 987.) The court emphasized that the "burden of proof rests on the People", that this "burden never shifts from the People to the defendant" and that each element of the crimes with which defendant was charged had to be proven by the People beyond a reasonable doubt. The term "reasonable doubt" was defined as "a doubt about the guilt of the defendant that is based on reason" and is supported by the evidence rather than sympathy or "whim". Defendant further complains with respect to the court's instruction that

"if your mind is wavering and you have not been convinced of the evidence beyond a reasonable doubt, it is your duty to find the defendant not guilty." While language to this effect may, in some cases, require reversal *(People v Mosley,* 67 NY2d 985, *supra),* it is "formally correct" and does not warrant reversal when the charge as a whole correctly conveys the meaning of reasonable doubt. *(People v Fox,* 72 AD2d 146, 147.)

Also raised on appeal is an argument that the sentence of from 6 to 12 years is excessive and should be reduced to the minimum term of from 4½ to 9 years. It is well established that sentencing is a matter within the sound discretion of the court, to be determined after careful consideration of all relevant facts pertaining to the case. *(See, People v Farrar,* 52 NY2d 302, 305.) In light of defendant's extensive criminal record, which includes 15 arrests since 1968, resulting in one felony and seven misdemeanor convictions, including defendant's predicate felony conviction for attempted criminal sale of a controlled substance in the third degree, we find that the trial court did not abuse its discretion in imposing sentence. *(People v Junco,* 43 AD2d 266, *affd* 35 NY2d 419, *cert denied* 421 US 951.)

We have examined the balance of defendant's claims on appeal, and find them to be without merit. Concur—Murphy, P. J., Ross, Milonas, Kassal and Wallach, JJ.