■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SANTIAGO, Appellant.—Judgment of the Supreme Court, New York County (Robert Haft, J.), rendered on March 30, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him to an indeterminate term of from 4½ to 9 years' imprisonment, unanimously affirmed.

In this prosecution for third degree criminal sale of a controlled substance arising out of the sale by the defendant of two glassine envelopes of heroin to an undercover police officer, the defendant's contention that he was denied a fair trial by the court's reasonable doubt charge is unpreserved. Were we to reach in the interest of justice, we would note that the New York Court of Appeals has approved similar language, i.e., that a reasonable doubt is one for which a juror could give a reason if called upon to do so (1 CJI[NY] 2.51, 3.07, 6.20 [1983]; *People v Malloy,* 55 NY2d 296, 300, *cert denied* 459 US 847; *People v Jones,* 27 NY2d 222, 226). Moreover, the charge, when read as a whole, clearly conveyed to the jurors that the People were required to prove the defendant's guilt beyond a reasonable doubt *(People v Fox,* 72 AD2d 146, 147), and any error in the charge should be deemed harmless in view of the overwhelming evidence of the defendant's guilt. *(People v Crimmins,* 36 NY2d 230.) Concur—Sullivan, J. P., Carro, Milonas, Ellerin and Wallach, JJ.