■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO JONES, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence H. Bernstein, J.), rendered May 11, 1988, convicting defendant, after a jury trial, of murder in the second degree and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from 18 years to life, to run concurrently with sentences imposed under indictments Nos. 5352/86 and 4145/87, unanimously affirmed.

A witness testified at trial to seeing only defendant, whom she knew, with the victim immediately before the shooting. She and another witness also heard the shot, saw a portion of the body, and saw defendant leaving the scene. Defendant presented members of his family as alibi witnesses, who testified that he was at home at the time.

Defendant now contends that the court's alibi charge im-

properly placed the initial burden of proof on him to establish the alibi. Because counsel failed to object in any way to the court's charge, this contention is not preserved as a matter of law and we therefore decline to reach it (CPL 470.05 [2]; *People v Holzer,* 52 NY2d 947). Nor has any claim of a deprivation of defendant's State and Federal constitutional rights been preserved *(People v Iannelli,* 69 NY2d 684, *cert denied* 482 US 914).

Were we to consider this argument in the interest of justice, we would nevertheless affirm, finding it to be without merit.

The test in determining the validity of a jury charge is whether the charge as a whole adequately conveyed the appropriate standards to the jury *(People v Adams,* 69 NY2d 805, 806). An alibi charge must unequivocally state that the People bear the burden of disproving an alibi beyond a reasonable doubt *(see, People v Victor,* 62 NY2d 374, 378). Such instruction was given here. While defendant faults the portion of the charge referring to the alibi evidence itself creating or raising a reasonable doubt, the court specifically pointed out that defendant was under no obligation to prove his alibi, which had to be disproven by the People, and that defendant had no burden of proof whatsoever. Under these circumstances, the court's charge, when viewed as a whole, conveyed the appropriate standard to the jury.

Further, any error must be deemed harmless in view of the overwhelming evidence of guilt. Concur—Murphy, P. J., Ross, Ellerin and Rubin, JJ.