■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER JOHN CIENA, Appellant.—Judgment, Supreme Court, New York County (Richard Andrias, J.), rendered March 14, 1990, convicting defendant after a jury trial, of robbery in the second degree, and sentencing him to an indeterminate term of imprisonment of 4½ to 9 years, unanimously affirmed.

At trial, cabdriver Juan Castro testified that defendant robbed him of cash and his cab at gunpoint. Several hours later, acting on a tip relayed through the cab company dispatcher, Castro and some friends recovered the cab and captured defendant. Police on the scene discovered a broken toy pistol in the cab.

Defendant, on the other hand, testified that he was a prior acquaintance of Castro, and that he had not taken the money by force, but that Castro had given him the money. Further, Castro "politely" left his cab when asked to do so. Defendant admitted that he had armed himself with the toy gun, but claimed that Castro knew it was a toy. During cross-examination defendant acknowledged that he had heard the witnesses testify against him at the trial and that he had had the opportunity to review the police documents before Castro testified. On redirect the prosecutor's successful objection prevented defendant from testifying that he had described the events in the same way prior to trial.

Defendant argues that he was improperly barred from establishing his prior consistent statements. However, the prosecutor's examination of defendant was directed at establishing his overall lack of credibility, and never assailed defendant's testimony as a recent fabrication, which would have warranted admission of defendant's prior consistent statements *(People v Forest,* 50 AD2d 260, 262-623).

The court charged the jury that "[t]he defense contends there was no forceful taking of property, but it is not a defense under our law that someone owed one money." In light of the facts as testified to by defendant, the instruction

was appropriate (CPL 300.10 [2]), even if it did not take into account counsel's argument that if the proof established robbery in the third degree and the jury was asked to consider only robbery in the second degree, it must acquit. We note that during precharge proceedings, counsel voiced no objection when advised that the court would balance the charge that a claim of right was no defense with an instruction that defendant claimed that no forcible theft had occurred. Concur—Rosenberger, J. P., Ellerin, Kupferman, Asch and Smith, JJ.