■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BROWN, Appellant.—Judgment, Supreme Court, Bronx County (John Collins, J.), rendered September 9, 1988, convicting the defendant, upon a jury verdict, of robbery in the first degree and sentencing him, as a persistent violent felony offender, to an indeterminate term of imprisonment of from fifteen years to life, unanimously affirmed.

Defense counsel requested a missing witness charge after the conclusion of the People's rebuttal case, prior to summation. The People's contention that the defendant's request was untimely, since it was not made as soon as "practicable," was

not raised at trial, and, therefore, is unpreserved for our review *(People v Erts,* 73 NY2d 872; *People v Gonzalez,* 68 NY2d 424). Moreover, we find that the defendant met his initial burden of demonstrating that the off-duty police officer who apprehended him was knowledgeable about a material issue, would be expected to provide noncumulative testimony favorable to the prosecution, that this witness was available to them, and that the People failed to defeat the request to charge by accounting for the witness' absence or by otherwise demonstrating that the charge would not be appropriate *(People v Kitching,* 78 NY2d 532; *People v Gonzalez, supra).* However, in light of the overwhelming evidence of the defendant's guilt, the court's denial of the requested charge was harmless error *(People v Fields,* 76 NY2d 761; *People v Gayle,* 162 AD2d 261, *lv denied* 76 NY2d 857; *cf., People v Kitching, supra).*

The defendant's contention that he was deprived of a fair trial by so much of the court's charge as equated reasonable doubt with proof to a moral certainty is unpreserved *(People v Creech,* 60 NY2d 895; *People v Rosa,* 162 AD2d 257, *lv denied* 76 NY2d 943) and without merit *(see, People v Fox,* 72 AD2d 146). Also unpreserved is the challenge to the court's alibi charge, which in any event clearly instructed the jury that the People had the burden of disproving the alibi defense beyond a reasonable doubt *(People v Jones,* 167 AD2d 182, *lv denied* 77 NY2d 907). Concur—Sullivan, J. P., Milonas, Rosenberger, Ellerin and Kassal, JJ.