■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID J. JONES, Appellant. [894 NYS2d 695]—Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered January 26, 2007. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, criminal use of a firearm in the first degree (two counts), criminal possession of a weapon in the third degree and assault in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, attempted murder in the second degree (Penal Law § 110.00, 125.25 [1]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We see no reason to disturb the jury's resolution of credibility issues against defendant (*see People v Harris*, 15 AD3d 966, 967 [2005], *lv denied* 4 NY3d 831 [2005]). Defend-

ant's contention with respect to an alleged *Rosario* violation is not preserved for our review, inasmuch as defense counsel was offered certain relief based on that alleged violation and did not renew the request for preclusion upon rejecting that offer (*see generally* CPL 470.05 [2]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject the further contention of defendant that he was entitled to copies of recordings of telephone conversations that he had while he was in jail inasmuch as he could have used them to exculpate himself. The People did not move to enter those recordings in evidence at trial, nor in any event could defendant have used those recordings to exculpate himself if they contained hearsay information or prior consistent statements made by defendant (*see People v Ciena*, 173 AD2d 408 [1991], *lv denied* 78 NY2d 964 [1991]). We have considered defendant's remaining contentions and conclude that they are without merit. Present—Smith, J.P., Fahey, Carni and Green, JJ.