▓▓▓ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WESLEY WALLACE, Appellant.— Appeal by defendant from a judgment of the County Court, Queens County, rendered April 28, 1960, after a jury trial, convicting him of arson in the second degree and imposing sentence on him as a third felony offender. Judgment reversed on the law and the facts and a new trial ordered. In the Felony Court, Queens County (a division of the former Magistrates' Courts of the City of New York), defendant was charged, by affidavit of a Fire Marshal, with arson in the second degree. Immediately prior to defendant's arraignment in said Felony Court, the Fire Marshal, an investigative peace officer (Code Crim. Pro., § 154; Administrative Code of the City of New York, § 488[2]–4.0), engaged defendant in conversation. At that time defendant neither had counsel nor had he yet been advised of his right to counsel (Code Crim. Pro., § 188). Thereafter, upon the trial, the Fire Marshal testified to statements made by defendant during the above conversation. From such testimony the jury might have concluded that (a) at the time and place of the alleged arson the defendant had been under the influence of alcohol (cf. *People* v. *Koerber*, 244 N. Y. 147, 154) ; and (b) because of denials made by the defendant to the Fire Marshal, the defendant was conscious of his guilt. In our opinion, defendant's incriminatory statements were inadmissible (cf. *People* v. *Waterman*, 9 N Y 2d 561; *People* v. *Meyer*, 11 N Y 2d 162). In addition, upon the trial, the People: (a) by addressing to its own witness, Thelma Bryant, questions calculated solely to discredit her veracity, improperly impeached her earlier testimony tending to show that defendant had admitted having accidentally caused the fire (cf. *People* v. *Minsky*, 227 N. Y. 94, 99) ; and (b) in its summation, in referring to the neighborhood in which the arson had occurred, the People improperly directed the jury's attention to "this area of violence which we are trying to wipe out in this County." In our opinion, under all the circumstances, justice requires a new trial, even though defendant's assigned counsel did not make appropriate objections (Code Crim. Pro., § 527; cf. *People* v. *Brady*, 14 A D 2d 575). Kleinfeld, Christ and Hopkins, JJ., concur; Beldock, P. J., and Hill, J., dissent and vote to affirm, with the following memorandum: Defendant's guilt was established beyond a reasonable doubt. In our opinion, none of the grounds relied on by the majority is sufficient to warrant reversal. (1) The admission of the testimony of the Fire Marshal was not error. He did not testify to any incriminatory statements made by defendant, but rather to exculpatory statements. It is only an incriminatory statement which is inadmissible under *People* v. *Waterman* (9 N Y 2d 561) and *People* v. *Meyer* (11 N Y 2d 162) relied on by the majority. In any event, no objection was made to the admission of the testimony. (2) There is no reason why the People could not show that Thelma Bryant was a hostile witness; that is the only effect of the "impeaching" testimony. (3) The reference in the prosecutor's summation to this area of violence" merely repeated the statement by defendant's own counsel that the defendant lived in an "area of violence."