■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN B. SEYMOUR, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered December 5, 1978, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree. Defendant was indicted for criminal possession of a weapon in the third degree. Thereafter, he moved to suppress certain physical evidence, including a revolver and three rounds of ammunition, and certain oral statements made after the formal arrest. After a hearing the motion was denied. He was tried and the jury returned a verdict of guilty. He was sentenced to a definite term of imprisonment of one year. This appeal ensued. A full recitation of the facts is necessary to resolve the issues raised. The record reveals that on April 21, 1978 at approximately 10:30 P.M. a New York State Trooper drove to the parking lot at the Heritage Village apartment complex in the Town of Guilderland. It was the practice of the police at that time to patrol the area two or three times a night since during the four previous months there had been a rape, an attempted rape and numerous complaints of prowlers and peeping toms in and around the area. At the time in question the officer observed defendant's vehicle parked in the lot and noticed that it matched the description of a car that had reportedly followed several female residents. When the officer approached the vehicle, defendant started the car and attempted to drive away, but was prevented from doing so by the police vehicle. The trooper also observed that defendant's car sounded "like a motor boat", a description used by women complainants. After examining defendant's driver's license, the officer inquired as to defendant's reason for being in the area and was told he was visiting his girlfriend, but was initially unable to recall her name. The officer also observed that defendant "very, very closely resembled" the composites of the rape and attempted rape suspect. The trooper then

proceeded to handcuff defendant and put him in the police car. It is the testimony of the trooper that he then, with defendant's permission, examined the glove compartment where he found the revolver and ammunition and that he then placed defendant under arrest and read him his rights. The defendant denies that he consented to the search or that he was read his rights. The trooper also testified that when he told defendant the nature of the charge, defendant replied in effect, "Yes, I know", and admitted to having received the gun from a brother. On this appeal defendant raises two issues urging reversal and further contends that the sentence was unduly harsh and excessive. We will first consider his contention that the court erred in denying his suppression motion. Defendant, in substance, contends that the handcuffing constituted an arrest and at that juncture there was a lack of probable cause to justify the seizure of his person. We disagree. The record reveals that it was night and defendant was in an area where serious crimes had recently been committed; that defendant was seated in the driver's seat and "slouching" over into the passenger's side; that defendant's vehicle was similar in color and sound to that of one previously reported as being in the area by women complainants; that defendant closely resembled the composite of the rape and attempted rape suspect; that defendant tried to leave the area when first observing the trooper; that defendant gave evasive answers; and finally that the trooper was alone. Considering the record in its entirety we are of the view that the initial stop of defendant's car was supported by a reasonable suspicion that defendant had or was about to commit a felony and, therefore, the stop was legal *(People v De Bour,* 40 NY2d 210). Thereafter, certain additional facts developed which amounted, in our view, to probable cause to believe that defendant had or was about to commit a felony. Consequently, the officer was justified in handcuffing defendant *(People v De Bour, supra).* Concerning the search of the glove compartment of defendant's automobile, it is the opinion of this court, upon consideration of the record, that the prosecution satisfied its burden of proving that defendant voluntarily consented to the search *(People v Gonzalez,* 39 NY2d 122; *People v Fudge,* 58 AD2d 952). The record also demonstrates that defendant's oral statements were unsolicited, spontaneous declarations and, therefore, the court properly denied suppression. We reject defendant's contention that it was error for the court, on this record, to conclude as a matter of law that defendant's automobile was not his place of business. The sentence was well within the statutory limits and we should not disturb it *(People v Dittmar,* 41 AD2d 788). We have examined defendant's other arguments urging reversal and find them unpersuasive. The judgment should be affirmed. Judgment affirmed. Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.