■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGELIO ADOLFO BLACKMAN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Potoker, J.), rendered April 7, 1981, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The factual issue as to identification of defendant was a very close one. The testimony indicated that an individual sold a quantity of cocaine to an undercover officer as the latter sat in an automobile. After the sale was consummated, the undercover officer drove away and radioed to two back-up officers, who had been watching the transaction from a distance of one or one and one-half blocks, the information that the sale had been completed. The back-up officers lost sight of the seller, but then entered the hallway of a nearby residential building some five minutes after receiving the radio message, where they spotted and arrested the defendant. No drugs or marked "buy" money were found on the defendant. Shortly thereafter, the undercover officer drove past the defendant, who was in the custody of the other officers, at a speed of approximately five miles per hour and a distance of approximately 10 to 15 feet, and identified defendant as the

man who had sold him the cocaine. He identified defendant again at the station house. In view of the closeness of the factual issue as to identification, we hold that several comments made by the prosecutor during his summation had the cumulative effect of depriving defendant of a fair trial. The first was the prosecutor's remark "that you can't pick up a paper in the City of New York and read the daily news without all the crime reporting that goes on". This remark was not based on the evidence and, hence, could only serve to inflame the passions of the jury (see *People v Wallace,* 17 AD2d 981). Another particularly improper comment was the prosecutor's *ad hominem* attack on defense counsel in which he accused him of saying different things out of different "corner[s] of his mouth". Comparatively less egregious, though still improper, was the prosecutor's characterization of defendant as a "business man" in the business of selling drugs, which comment was also unsupported by the evidence, and the prosecutor's drawing attention to the fact that only a Xeroxed copy of defendant's honorable discharge from the Marines, and not the original, was submitted into evidence. While we cannot say that any one of these comments would necessarily, by itself, be sufficient to warrant a reversal, their cumulative effect, particularly in light of the close factual issue involved, was to deny defendant a fair trial. We note, however, that two prosecution comments challenged on appeal were not reversible error. The prosecutor repeatedly buttressed the credibility of the People's witnesses. While such a tactic is generally impermissible (see *People v Santiago,* 78 AD2d 666; *People v McKutchen,* 76 AD2d 934; *People v Perez,* 69 AD2d 891; *People v Davis,* 63 AD2d 685, application for lv to app den 45 NY2d 779), the prosecutor's summation can be evaluated fairly only in comparison to that of the defense (see *People v Anthony,* 24 NY2d 696), and in this case, it was the defense which called into question the credibility of these witnesses. The last challenged comment by the prosecutor concerned the testimony of defendant's friend Joyce Peterkins. She testified that defendant stayed at her apartment from 5:00 P.M. until 9:05 P.M., shortly before he was arrested, at which time defendant left her in order to buy a stick of margarine. She testified that she did not see him again that evening, but later that night defendant's brother informed her that defendant had been arrested. She admitted that, despite that the facts to which she testified, if true, might have led to defendant's early release, she failed to communicate that information to the police or the District Attorney. Upon application by defense counsel, the testimony regarding her failure to contact the police or the District Attorney was stricken. We disapprove of the court's striking of this testimony; where "the natural impulse of a person possessing exculpatory information would be to come forward at the earliest possible moment in order to forestall the mistaken prosecution of a friend or loved one * * * the failure to speak up at a time when it would be natural to do so might well cast doubt upon the veracity of the witness' exculpatory statements at trial" (*People v Dawson,* 50 NY2d 311, 318). Since this testimony had been stricken by the court, when the prosecutor referred to it on summation, he acted improperly. However, because this testimony should not have been striken, this must be deemed harmless error. Weinstein, J. P., O'Connor, Thompson and Boyers, JJ., concur.