■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIS PAYNE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Dunkin, J.), rendered January 11, 1983, convicting him of robbery in the first degree (two counts), burglary in the first degree, and robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Contrary to defendant's *pro se* contention, we find that his guilt was proven beyond a reasonable doubt.

The alleged instances of prosecutorial misconduct, most of which have not been preserved for appellate review, did not serve to deprive defendant of a fair trial. While some of the prosecutor's remarks during summation might otherwise have exceeded the bounds of permissible rhetorical comment, they were not unreasonable in light of those made by defense counsel during his summation (*see, People v Blackman,* 88 AD2d 620).

Defendant's *pro se* contention that the trial court's alibi charge was "deficient" and "impermissibly shifted the burden of proof onto [his] shoulders" has not been preserved for our review

as a matter of law. In any event, while the alibi charge was not exemplary (*cf.* 1 CJI [NY] 12.10, pp 696-697), the charge as a whole adequately apprised the jury of the relevant concepts to be applied (*see, People v Canty,* 60 NY2d 830).

We have considered the remaining contentions raised on appeal and find them to be either unpreserved (CPL 470.05 [2]) or lacking in merit. Thompson, J. P., Bracken and Niehoff, JJ., concur.

Weinstein, J., concurs in the result, with the following memorandum: I have considered the contentions raised by and on behalf of defendant and find them to be either unpreserved or lacking in merit. Defendant received a fair trial.