■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH CARTER, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County (Monserrate, J.), rendered December 21, 1983, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Viewing the evidence in the light most favorable to the prosecution, as we must, defendant's guilt was proven beyond a reasonable doubt *(see, People v Malizia,* 62 NY2d 755, *cert denied* — US —, 105 S Ct 327; *People v Contes,* 60 NY2d 620). Defendant was caught in a bedroom in which the window screen was broken and the window fan was thrown to the ground. He was holding a guitar case owned by the person who rented the bedroom. Any issues of credibility were matters for the jury to determine *(see, People v Charles,* 112 AD2d 377; *People v Bigelow,* 106 AD2d 448). Defendant's claim that the *Sandoval* hearing which was held was inadequate is without merit, since it is the burden of the defendant to

"inform the court of the prior convictions and misconduct which might unfairly affect him as a witness in his own behalf" *(People v Sandoval,* 34 NY2d 371, 378). Furthermore, the *Sandoval* ruling permitting the prosecutor to ask the defendant on cross-examination if he had been convicted of a misdemeanor, without going into the underlying facts, was not an abuse of discretion *(see, People v Torres,* 110 AD2d 794; *People v Wood,* 94 AD2d 814).

Defendant's claims that the trial court's charge was inadequate and that the prosecutor's summation was improper were unpreserved for appellate review (CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467; *People v Gonzales,* 77 AD2d 654, *affd* 56 NY2d 1001). In any event, no circumstantial evidence charge was required in this case, contrary to defendant's contention, since the prosecution's case was based both on direct and circumstantial evidence *(People v Ruiz,* 52 NY2d 929; *People v Cyrus,* 111 AD2d 867); moreover, the portions of the prosecutor's summation assailed by defendant constituted a proper response to the defense counsel's summation *(see, People v Galloway,* 54 NY2d 396; *People v Marks,* 6 NY2d 67, 77-78, *cert denied* 362 US 912).

Defendant's other claims have been reviewed and are without merit. Mangano, J. P., Rubin, Lawrence and Eiber, JJ., concur.