■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONNIE JONES, True Name LIONEL JACKSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (O'Brien, J.), rendered May 17, 1983, convicting him of attempted burglary in the second degree, criminal mischief in the fourth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Evelyn Cheng testified that at about 1:00 P.M. on August 18, 1982 she saw a black male, slightly over 5 feet, 6 inches in height, in his late teens or early twenties, dressed in a blue top and blue jeans, in the bushes outside her parents' house in Queens. After she saw this man "duck towards" the Getsios' house next door, she telephoned the police. When plainclothed police arrived in an unmarked car, the individual dressed in this fashion, later identified as defendant, ran out from the Getsios' front porch and away from the police toward the rear of the house. A chase ensued in which one officer pursued defendant on foot while the other drove the car several blocks away and began working back toward the area where the other officer was chasing the man. The officer on foot lost sight of defendant for about five minutes after the latter climbed over a fence. He then found defendant lying

prone, face down, in foot-high grass next to a building and arrested him. Both officers testified that they had no trouble recognizing defendant as it had been broad daylight and they had gotten a good look at him when he came out from the front porch.

Upon returning to the Getsios' residence, the officers went inside the porch and found that a window leading into the house had been broken, and that a brick was lying on the porch floor under the broken window. Mrs. Getsios testified that when she left to go shopping that morning, the window had been intact and the brick had been located under a drainpipe on their property.

Defendant was convicted after a jury trial of attempted burglary in the second degree, criminal mischief in the fourth degree, and possession of burglar's tools. The evidence presented was sufficient to support the jury's conclusion that defendant was guilty of all three counts (see, People v Mitteager, 44 NY2d 927; People v Coe, 99 AD2d 516). The question of whether a brick could be considered a burglar's tool was properly submitted to the jury, and the Judge did not invade the jury's fact-finding function when he properly stated the applicable law in answering the jury's question concerning this issue.

The comments made by the prosecutor during summation regarding the credibility of the police witnesses, while not to be encouraged, do not warrant a reversal, particularly as defense counsel questioned the credibility of the police officers during his own summation (see, People v Blackman, 88 AD2d 620).

We have considered defendant's other contentions and find them to be lacking in merit. O'Connor, J. P., Weinstein, Niehoff and Eiber, JJ., concur.