■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVERTON LAFAYETTE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthews, J.), rendered May 30, 1984, convicting him of robbery in the second degree and grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The evidence adduced at the trial was sufficient to permit a rational trier of fact to find that the defendant was guilty as charged of robbery in the second degree and grand larceny in the second degree *(see, People v Contes,* 60 NY2d 620, 621). The defendant admitted to being the driver of the getaway car and there was sufficient evidence, including the testimony of the defendant, for the jury to conclude that he had been a willing participant in the crime.

The defendant failed to object at trial to the prosecutrix's comments during her summation which he now claims constituted improper vouching for the prosecutrix's witnesses. Accordingly, he had not preserved his claim for appellate review *(see, People v Thomas,* 50 NY2d 467). Moreover, the prosecutrix's statements were in direct response to the defense counsel's own objectionable remarks made during his summation, in which he characterized the prosecutrix's witnesses as liars *(see, People v Marks,* 6 NY2d 67, *cert denied* 362 US 912; *People v Gilmore,* 106 AD2d 399).

Lastly, the court was correct in refusing to permit the defendant's mother to testify to hearsay statements made to her by the defendant. While there is no time limit during which a statement must be made in order to be considered a spontaneous declaration, the declarant must not have had time to reflect and deviate from the truth *(see, People v Edwards,* 47 NY2d 493). Here, the trial court properly found that the defendant had had an opportunity for reflection. Therefore, this testimony was properly excluded. Gibbons, J. P., Thompson, Brown and Weinstein, JJ., concur.