■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER R. COLON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered April 5, 1984, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant, by objecting to portions of the prosecutrix's summation during his trial, properly preserved the issue of the propriety of her summation for appellate review *(see,* CPL 470.05 [2]). Although it is generally impermissible for a prosecutrix to buttress the credibility of the People's witnesses *(People v Blackman,* 88 AD2d 620, 621; *see also, People v Shanis,* 36 NY2d 697, 699; *People v Ricchiuti,* 93 AD2d 842), she may respond to remarks made by a defense counsel in summation *(People v Carter,* 113 AD2d 949, 950) and, therefore, a prosecutrix's summation should be evaluated in comparison to that of the defense *(People v Blackman, supra,* p 621).

Some remarks made by a prosecutrix which might otherwise be seen as exceeding the bounds of permissible rhetorical comment will be judged as not unreasonable, particularly

where the defense questions the veracity of the People's witnesses *(see, People v Lafayette,* 118 AD2d 593; *People v Payne,* 111 AD2d 938; *People v Blackman, supra; cf. People v Mitchell,* 114 AD2d 978). Here, the defendant's attorney questioned the credibility of three of the People's witnesses. In light of the nature of the statements made by both attorneys in their summations, the comments made by the prosecutrix in her summation were not unreasonable and did not deprive the defendant of a fair trial.

In view of the defendant's failure to object to the alibi charge, the strong evidence of the defendant's guilt and the fact that the trial court's charge as a whole properly instructed the jury that the prosecution bore the burden of proof, there is no need to consider the issue concerning that charge in the interest of justice *(see, People v Victor,* 62 NY2d 374; *People v Moya,* 115 AD2d 769; *People v Beckles,* 115 AD2d 749; *People v Payne, supra,* p 939). Mangano, J. P., Gibbons, Bracken and Spatt, JJ., concur.