■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHESTER TOWNSEND, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered December 22, 1983, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A review of the record in this case does not demonstrate that the prosecutor was aware that witness Ronald John would invoke his Fifth Amendment privilege against self-incrimination in response to many of his questions when John took the stand after consulting with counsel. John's invocation of the privilege cannot be said to be a conscious and flagrant attempt to build the People's case from inferences arising therefrom, nor did John's refusal to testify add critical weight to the People's case in a form not subject to cross-examination *(see, Namet v United States,* 373 US 179, 187-188; *People v Berg,* 59 NY2d 294, 298; *People v Malphurs,* 111 AD2d 266, 270).* At most, his invocation of the privilege was only cumulative to the testimony of the four other witnesses and did not undercut the defendant's defense of renunciation. Furthermore, the trial court's curative instructions were sufficient to dispel any unwarranted prejudice which may have arisen from the witness's invocation of the privilege under the circumstances of this case *(see, Namet v United States, supra,* at 187; *People v Berg, supra,* at 299; *People v Malphurs, supra,* at 271).* The brief mention of the witness's invocation of the privilege by the prosecutor in his summation was not im-

proper, coming as it did in response to a remark made by the defense counsel during his summation *(see, People v Colon,* 122 AD2d 151, *lv denied* 68 NY2d 810; *People v Carter,* 113 AD2d 949, 950; *People v Blackman,* 88 AD2d 620, 621).

We have considered the remaining arguments of the defendant and find them to be without merit. Rubin, J. P., Kunzeman, Spatt and Harwood, JJ., concur.