■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM RODRIGUEZ, Also Known as SAMUEL MELENDEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered December 10, 1986, convicting him of murder in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, we find that none of the remarks in the prosecutor's summation deprived the defendant of a fair trial. Where, as here, the defense repeatedly attacked the credibility of the People's witnesses, the comments made by the prosecutor in his summation cannot be considered unreasonable (see, People v Lafayette, 118 AD2d 593; People v Roopchand, 107 AD2d 35, affd 65 NY2d 837).

The defendant further asserts that the trial court erred in denying the jury the right to rehear certain testimony of one of the People's witnesses. We find this argument to be unpersuasive. After receiving a request from the jury to have testimony read back to it, the court stated "If there is—I am not saying you can't have every bit of it read back—but [is there] any narrowing down you want done[?]" After discussing it among themselves, the jurors informed the court of the specific portions they wanted to hear. That testimony was read to the jury and the foreperson then indicated to the court, "We heard what we had to hear". It is apparent from the foregoing that the trial court meaningfully responded to a jury request (see, CPL 310.30; People v Malloy, 55 NY2d 296, cert denied 459 US 847), and there is no indication that the court's actions deprived the defendant of a fair trial (cf., People v Andino, 113 AD2d 944). Parenthetically, it should be noted that the defendant does not submit any evidence demonstrating that he was not present in the courtroom during these proceedings, and accordingly did not "rebut 'the presumption of regularity' that official proceedings enjoy" (People v Marchese, 140 AD2d 547, 548, quoting from People v Richetti, 302 NY 290, 298; see, People ex rel. Bartlam v Murphy, 13 NY2d 1068).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover upon the exercise of our factual

review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). The claim of repugnant verdicts is unpreserved for appellate review *(see, People v Alfaro,* 66 NY2d 985), and in any event is without merit *(see, People v Cornwall,* 121 AD2d 735).

We conclude that the court's charge as a whole properly conveyed to the jury the correct rules of law and none of the alleged imperfections was such as to warrant reversal *(see, People v Canty,* 60 NY2d 830).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.