■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NIKA RUKAJ, Appellant.—

At about midnight on January 4, 1986, the defendant and two accomplices were observed behaving suspiciously at a side doorway to Zaro's Bakery at the deserted Cross County Shopping Center in Yonkers, New York. When security guards responded to the scene, the three men fled, abandoning a crate filled with tools as well as money and other items belonging to Zaro's next to a van parked nearby. The van, which contained more tools, beepers and dispatching equipment, was subsequently found to belong to the defendant. Less than half an hour after the commission of the crime, the defendant was apprehended approximately a quarter of a mile away in a taxi he had taken after leaving a late-night delicatessen.

The defendant submits that the trial court erred in admitting testimony that the license plates on his van were invalid, as well as by admitting into evidence a set of master cash register keys in the absence of evidence establishing that they were burglar's tools. The defendant also complains that the court failed to instruct the jury properly on "reasonable doubt," and that the prosecutor's summation exceeded the bounds of fair comment. These contentions are without merit.

We note that the defendant failed to timely raise specific objections to the evidence regarding the license plates and cash register keys, and did not object at all to the prosecutor's summation, with the result that his complaints are not preserved for appellate review (see, People v Dordal, 55 NY2d 954; People v Collins, 136 AD2d 722; People v Santiago, 108 AD2d 939). In any event, we note that the testimony regarding the defendant's license plates was necessary to complete the narrative of the occurrence and to link the defendant to the crime. Moreover, the question of whether the master cash register keys found in the defendant's van qualified as burglar's tools was properly submitted to the jury (Penal Law § 140.35; People v Jones, 115 AD2d 490). We further note that

the prosecutor's comments on summation which the defendant complains of on appeal constituted either legitimate comment on the evidence or a fair response to defense counsel's summation (see, People v Ashwal, 39 NY2d 105; People v Anthony, 24 NY2d 696; People v Marks, 6 NY2d 67, cert denied 362 US 912).

Finally, the trial court's charge on reasonable doubt was correct (see, People v Malloy, 55 NY2d 296, cert denied 459 US 847; People v Jones, 27 NY2d 222; People v Quinones, 123 AD2d 793). Mangano, J. P., Kunzeman, Eiber and Kooper, JJ., concur.