■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL FLUITT, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Queens County (Finnegan, J.), rendered July 7, 1988, convicting him of robbery in the first degree, criminal possession of a weapon in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed upon the defendant's conviction of robbery in the first degree; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing in compliance with Penal Law § 70.10.

Upon his conviction of robbery in the first degree, the defendant was found to be a persistent felony offender pursuant to Penal Law § 70.10 (1), and was sentenced, pursuant to Penal Law § 70.10 (2), to a term of imprisonment "authorized * * * for a class A-1 felony", i.e., 25 years to life. However, before imposing that sentence, the court was obligated to set forth on the record the reasons why it was "of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate[d] that extended incarceration and life-time supervision [would] best serve the public interest" (Penal Law § 70.10 [2]). The court's failure to do so requires, as the People concede, that the sentence be vacated and the defendant resentenced *(see, People v Gaines,* 136 AD2d 731, 733).

In light of the foregoing, we decline to reach the defendant's contention that the sentence imposed is excessive. The defendant's other claims of error, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit, or, if any error was committed, harmless beyond a reasonable doubt (CPL 470.05 [2]; *People v Crimmins,* 36 NY2d 230; *People v Gagne,* 129 AD2d 808; *People v Inman,* 80 AD2d 622; *People v Seymour,* 75 AD2d 924; *People v Carter,* 113 AD2d 949; *People v Merced,* 137 AD2d 562). Mangano, P. J., Brown, Sullivan and Balletta, JJ., concur.