■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAVERLY JOHNSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Ain, J.), rendered December 5, 1986, convicting him of robbery in the first degree, assault in the second degree, resisting arrest, escape in the first degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the People failed to prove beyond a reasonable doubt the elements of robbery in the first degree set forth in count one of the indictment, to wit, that he "displayed a pistol, revolver *and* other firearm" (emphasis added). Although he concedes that Penal Law § 160.15 (4) requires possession of only one of the above weapons, he maintains that the People were bound by language of the indictment. However, since the defendant failed to raise this claim at the time he moved to dismiss the indictment and asserts it for the first time in this court, he has failed to preserve it for appellate review *(see,* CPL 470.05 [2]; *People v Gomez,* 67 NY2d 843, 844-845; *People v Davis,* 172 AD2d 553; *People v Udzinski,* 146 AD2d 245, 258). In any event, Penal Law § 160.15 (4) requires only that the defendant possess any one of the aforementioned weapons. Although the indictment did not contain the precise language of the statute, the court properly instructed the jury with respect to the elements of robbery in the first degree as defined in Penal Law § 160.15 (4).

The defendant also failed to preserve for appellate review his claim that the trial court erred by allowing a police officer to testify, without first being qualified as an expert in controlled substance analysis, that a substance possessed by the defendant was cocaine *(see,* CPL 470.05 [2]; *People v Rukaj,* 158 AD2d 487).

We have considered the defendant's remaining contention, raised in his supplemental *pro se* brief, and find it to be without merit *(see, People v Baldi,* 54 NY2d 137, 151; *People v Sullivan,* 153 AD2d 223, 227-229). Bracken, J. P., Eiber, Harwood and Balletta, JJ., concur.