■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MILLER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fertig, J.) rendered March 16, 1989, convicting him of kidnapping in the second degree (two counts), and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the instant appeal, the defendant argues that he is entitled to a new trial on the ground that *Rosario* material was not turned over to him during the trial. We disagree.

The alleged *Rosario* material is a "CONFIDENTIAL" memorandum prepared by a Sergeant Paulson, who was not a prosecu-

tion witness *(cf., People v Young,* 79 NY2d 365). The memorandum contains (1) the defendant's pedigree and prior criminal history, and (2) a narrative of the crime. However, with respect to the latter material, there was no testimony adduced at the trial which indicated the source thereof, and there is nothing in the memorandum itself which would indicate that Paulson obtained this information directly from prosecution witnesses. The *Rosario* rule only involves "the use of a recorded prior statement which was made either by the witness himself or by an individual who directly heard the statement" *(People v Williams,* 165 AD2d 839, 841, *affd on other grounds* 78 NY2d 1087). Although the defendant argues that the information in the memorandum could only have come from prosecution witnesses, the record indicates that it could also have come into Paulson's possession from other police officers and that Paulson "merely [compiled] a synopsis written after all interviews were conducted" *(People v Mills,* 142 AD2d 653, 654). Under these circumstances, the memorandum is "at best a second-hand recording of a statement allegedly attributable to a prosecution witness, fraught with all the risks of inaccuracy and unreliability attendant to the relaying of what is essentially hearsay information" *(People v Williams,* 165 AD2d, *supra,* at 841). Accordingly, we find no *Rosario* violation with regard to the Paulson memorandum.

The defendant further argues that the trial court committed reversible error in failing to "respond meaningfully" to requests from the jury for readbacks of testimony. Initially, we note that this argument has not been preserved for appellate review (CPL 470.05 [2]). In any event, we find no merit to the defendant's argument. In response to the jury's requests for readbacks of testimony, the trial court noted that the testimony sought might be "all over the place", and suggested that it would be better to read back whole blocks of testimony rather than to locate throughout the record the individual questions and answers responsive to each of the jury's requests. However, the court made it clear that the choice was for the jury, and stated that "[i]f that's what you want, that will have to be found". Under these circumstances, reversal is not warranted *(People v Rodriguez,* 154 AD2d 488; *People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847).

The defendant's argument which is directed toward the People's summation, is similarly unpreserved for appellate review (CPL 470.05 [2]). In any event, a review of the record indicates that the challenged remarks were either responsive to the defendant's summation or constituted fair comment on

the evidence *(People v Jones,* 115 AD2d 490; *People v Ashwal,* 39 NY2d 105, 109-110).

We have examined the defendant's remaining argument and find that it is unpreserved for appellate review (CPL 470.05 [2]). Mangano, P. J., Miller, O'Brien and Santucci, JJ., concur.