THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM LUPO, Appellant.

Argued April 14, 1953; decided July 14, 1953.

*Maurice Edelbaum* and *Stanley L. Gluck* for appellant. I. The court committed serious error in permitting evidence of appellant's prior plea of guilty before another Judge of the court. (*People* v. *Steinmetz,* 240 N. Y. 411; *Kercheval* v. *United States,* 274 U. S. 220; *People* v. *Ariano,* 264 App. Div. 426; *People* v. *Ryan,* 82 Cal. 617; *Jamail* v. *United States,* 37 F. 2d 576; *Pharr* v. *United States,* 48 F. 2d 767; *Heim* v. *United States,* 47 D. C.

App. 485, 247 U. S. 522; *Green* v. *State,* 40 Fla. 474; *White* v. *State,* 51 Ga. 285; *Comm.* v. *Lannan,* 13 Allen [Mass.] 563.) II. The court committed serious error in failing to clearly and properly instruct the jury as to the possible verdicts they could render. (*People* v. *Murch,* 263 N. Y. 285.) III. Defendant's rights under the Constitutions of the United States and the State of New York were violated by the admission of evidence of the prior plea of guilt. (*Canizio* v. *New York,* 327 U. S. 82.)

*Miles F. McDonald, District Attorney (William I. Siegel* of counsel), for respondent. I. Appellant's guilt was established beyond a reasonable doubt. (*People* v. *Reddy,* 261 N. Y. 479; *People* v. *Galbo,* 218 N. Y. 283; *People* v. *Conroy,* 97 N. Y. 62; *People* v. *Steinmetz,* 240 N. Y. 411.) II. No errors of law were committed by the trial court. (*Kercheval* v. *United States,* 274 U. S. 220; *People* v. *Defore,* 242 N. Y. 13, 270 U. S. 657; *Weeks* v. *United States,* 232 U. S. 383; *Schwartz* v. *Texas,* 344 U. S. 199; *Nardone* v. *United States,* 302 U. S. 379; *Weiss* v. *United States,* 308 U. S. 321; *People* v. *Ariano,* 264 App. Div. 426; *People* v. *Gilbert,* 199 N. Y. 10.)

FULD, J. William Lupo was indicted for the crimes of robbery in the second degree, assault in the second degree and petit larceny, all allegedly stemming from a holdup committed on June 21, 1951. At the close of the evidence, the trial judge was, of course, obliged to spell out for the jurors the elements of those three offenses and the possible verdicts that they might report. The question, posed by defendant's appeal from his conviction on all three counts, is whether the judge adequately instructed the jurors on those subjects. Our conclusion is that he did not.

Two young women were held up and robbed in the washroom of a building in Brooklyn where they were employed. In the pocketbook that the robber snatched from one of them was a bank passbook and a deposit slip. Defendant, apprehended a short time later, was found with those articles in his possession. Upon the trial, the prosecution introduced proof of the robbery and testimony, including evidence of a plea of guilt subsequently withdrawn, pointing to defendant as the perpe-

trator. In defense, defendant denied that he was the robber or that he stole the pocketbook. He testified that he was in the building where the holdup had occurred, visiting his draft board, and that, leaving the premises, he found an envelope containing the passbook and the deposit slip.

When the proof was in and the summations over, the trial judge charged the jury at considerable length. After a statement of general principles and a reading of the indictment as well as of the statutes defining robbery and larceny, the judge went on to say that, if defendant " committed robbery he also committed larceny and assault, because larceny and assault are contained in the robbery. * * * So if he is guilty of robbery he is guilty of the larceny and the assault." Then, following a detailed summary of the facts, the judge concluded his charge with the instruction that the jurors might find defendant guilty as charged in the indictment if they " decide that a robbery was committed. If a robbery was committed, you may find him guilty of every charge in the indictment. If you find that a robbery was not committed * * * then you may find him guilty of one or the other count in the indictment: You may find him guilty either of count two or count three."

After defendant's counsel pointed out that the mere reference to count two or three left the matter less than clear, the judge called back the jurors and told them that, if they did not conclude that defendant had committed a robbery, " you may find him guilty of petit larceny, if he merely stole the articles mentioned * * *. Or, you may find him guilty of the third count of the indictment, which is assault in the second degree." That part of the charge, defendant's counsel then stated, was " satisfactory ".

To the jury, however, that explanation was apparently far from satisfactory. After some three hours of deliberation, it returned, with the request that the judge " Repeat that section of the charge as regards the possible verdicts." In response, the judge merely advised that " You may find the defendant not guilty, or you may find him guilty as charged in the indictment, or you may find him guilty of one of the counts of the indictment. That answers that question. Is there any question on that point? " Quite obviously, that

instruction explained nothing, for it immediately evoked the basic query, " What are the three different counts? " That should have alerted the judge to the fact that he had failed to instruct the jurors with sufficient clarity on the essentials of the case. Instead of telling them what they wanted and needed to know, he proceeded again to refer merely to the first count — of robbery — and only to the first count. That, of course, was no help at all, and, in answer to the judge's further question, " have I made that clear? ", a juror replied, " No ".

Certainly, at that point, the judge should have taken particular pains to clarify all possible doubts. He had already stated that robbery was the unlawful taking of property by means of force or fear of injury and that, if defendant was guilty of robbery, he was also guilty of larceny and assault. At the very least, having in mind the defense here asserted, he should have instructed the jurors that they might find defendant not guilty of robbery, and yet guilty of larceny if they concluded that he found and appropriated " lost property under circumstances which give [the finder] knowledge or means of inquiry as to the true owner * * * without having first made every reasonable effort to find the owner and restore the property to him " (Penal Law, § 1300). The judge, however, made no attempt at such elucidation. All he did — and this for the third time since the jury had returned — was to explain the robbery count, repeating that, if defendant " committed robbery * * * you may find him guilty of that count and disregard the other two counts. That simplifies it. * * * or if you find that he is guilty of robbery and an assault as I have defined it, and also stealing the pocketbook, or whatever it was, you can find him guilty as charged in the indictment." And, at the end of this recital, he added, in virtually the same general language that the jury had, in the charge proper, found inadequate, " your verdict may be guilty of robbery in the second degree or guilty of petit larceny or guilty of assault in the second degree or not guilty."

The jury's initial request for additional instructions, as well as its subsequent questions, manifested a doubt as to the elements of the several crimes and as to the possible verdicts returnable. It is difficult to fathom the reason for the judge's failure to

clarify the subject and even more difficult to understand his repeated emphasis on the robbery count, his persistent advice that, if defendant had committed a robbery, he was also guilty of larceny and assault. His belaboring of this point may have planted in the jurors' minds the thought that, in the court's view, the evidence established a robbery and called for a verdict of guilt upon all three counts.

The court's responses to the questions posed by the jurors constituted " a refusal to reinstruct them as to an applicable proposition of law, a refusal to clarify their doubts.  *  *  * ' The very fact that the jury, after having been in consultation, have failed to comprehend the instructions given in the charge *  *  *  is of itself sufficient to show the necessity of additional instructions.  *  *  *  if the jury do not understand the instructions, or are ignorant or uncertain as to the law applicable to any part of the case, the charge is inadequate and fails of its purpose ' ''. (*People* v. *Gonzalez,* 293 N. Y. 259, 261, 262–263; see, also, *People* v. *Flynn,* 290 N. Y. 220, 224; *People* v. *Odell,* 230 N. Y. 481, 487–488.)

It may well be, as urged upon us, that every sentence that the judge uttered, taken by itself, was an accurate statement of law, but justice and its proper administration demand more. A study of the instructions in their entirety, particularly when considered in the light of the jurors' repeated requests for further enlightenment, reveals that the jury was never given any clear notion of the only real question before it — the elements of the several crimes charged and the alternative verdicts possible. A court's charge is not like a corporate indenture, able to be studied at leisure, valid if all technical recitals are to be found within its four corners. Rather, it is a means to guide laymen, in plain and practical fashion, in the discharge of a solemn responsibility. The charge in the case against Lupo served no such function and, accordingly, he is entitled to a new trial.

The judgments should be reversed and a new trial ordered.

LEWIS, Ch. J., CONWAY, DESMOND, DYE and FROESSEL, JJ., concur; VAN VOORHIS, J., taking no part.

Judgments reversed, etc.