OPINION OF THE COURT
Chief Judge Cooke.
 The obligation of the trial court to advise the jury on the law includes the duty to respond meaningfully to requests for further instructions, which may require asking the jury to be more specific about their difficulty. Where, however, after considerable deliberation, the jury requests clarification concerning the meaning of reasonable doubt and the original instruction is adequate, it is not error for the Trial Judge, as he did here, to respond to the request by rereading that instruction. Nor can it be said on this record that the witnesses’ in-court identifications had no bases independent of the earlier suggestive identification procedures. The order of the Appellate Division affirming defendant’s conviction therefore should be affirmed.
Defendant was convicted after a jury trial of robbery in the first degree and unlawful imprisonment in the second degree. The charges arose out of the armed hijacking of a fur truck on March 30, 1978.
*299 Victor Licciardi, the driver, and Dean and Jay Kopp were transporting the furs for their employer, Elko Processors, Inc., from Manhattan to a warehouse in Bronx County when they noticed a blue van closely following the truck. As the van pulled alongside, Jay Kopp saw the van’s driver, later identified as defendant, pointing a gun at them. The van eventually forced the truck to a stop. Defendant ordered Licciardi to exit the van at gunpoint. Defendant, aided by his two accomplices, also persuaded Dean and Jay Kopp to leave the truck. The Kopp brothers were handcuffed and made to lie face down in the back of the van. Licciardi, meanwhile, was questioned by defendant concerning the truck’s locks and alarm system and then was forced to join the others in the van. Licciardi observed defendant board the fur truck. The three captives were driven to Nassau County and released. They each described defendant to the Nassau County police.
During the New York City Police Department’s investigation, the victims were interviewed further and participated in four photographic identification procedures between April 3 and May 17, 1978. The suppression court found the first two procedures to have been fair and non-suggestive, but determined that the third and fourth displays were highly suggestive, having consisted in the main of surveillance pictures of defendant. The court nonetheless found that the three witnesses had independent bases for the subsequent lineup identifications and any in-court identifications to be made at trial. Defendant’s motion to suppress the lineup and in-court identifications, therefore, was denied.
Defendant was convicted after trial. On appeal, the Appellate Division, by a divided court, affirmed. The dissenting Justice disagreed with the majority that Dean and Jay Kopp had independent bases for the identifications made after viewing the suggestive photograph arrays.
On this appeal, defendant again challenges the reliability of the witnesses’ in-court identifications, contending that the procedures found to have been suggestive produced an indelible taint requiring suppression. Defendant also maintains that the trial court committed reversible *300 error when it responded to the jury’s request for further clarification of the term “reasonable doubt” by rereading the original charge. Neither argument is persuasive.
Disposing of defendant’s first contention, this court cannot say that the finding of an independent basis for an in-court identification by each witness was erroneous as a matter of law. The inquiry necessarily is a factual one (see People v Dickerson, 50 NY2d 937; People v Whisby, 48 NY2d 834), involving an evaluation of the totality of. circumstances (see Manson v Brathwaite, 432 US 98; Neil v Biggers, 409 US 188; Simmons v United States, 390 US 377). As such, the determination that there existed an independent source for the subsequent identifications, left undisturbed by the Appellate Division, is beyond this court’s power of review if supported by the record (People v Adams, 53 NY2d 241, 248; People v Thomas, 51 NY2d 466, 475; People v Burrows, 46 NY2d 957, 958; People v Peterson, 40 NY2d 1014, 1015). As can be seen, such support exists.
Similarly unavailing is defendant’s claim concerning the inadequacy of the trial court’s supplemental charge to the jury. In its original charge, the court made clear that the People have the burden of proving defendant’s guilt beyond a reasonable doubt. In explaining that concept, the court stated that such doubt is “not a mere whim or guess or surmise. Nor is it a feeling that an accused may not be guilty. Nor is it proof beyond * * * all doubt or proof to a mathematical certainty, or scientific certainty. * * * It’s a doubt for which you can conscientiously express a reason, based on logic and the credible evidence or lack of credible evidence.”[1] Defendant’s objections to certain portions of that charge were overruled.[2] In the afternoon of the second day of deliberations, the jury requested a reading of the cross-examination of Licciardi, all the testimony of the three detectives and “[cjlarification of the term ‘beyond a *301 reasonable doubt.’ ” The court asked the jury to consider making the request for testimony more specific.
While the jurors were considering their request, the Judge informed both counsel that he thought it best to give the original charge on reasonable doubt. Defendant renewed his previous objections with no success. The jury then returned and gave a more specific request for the trial testimony and “[fjurther clarification of the term ‘beyond a reasonable doubt.’ ” Following the rereading of the testimony, the court informed the jury that the best definition of reasonable doubt was contained in the original charge, which was then repeated.[3]
The jury resumed deliberations at 3:40 p.m. About four hours later, the jury reported a deadlock of 10 votes to 2 against defendant on the identification issue. Defendant’s motion for a mistrial was denied. The jury was summoned and the court gave a special supplemental instruction pursuant to Allen v United States (164 US 492). At about 8:45 p.m., following a dinner break, the jury resumed deliberations; a verdict of guilty was reached at 9:45 p.m.
Defendant maintains, as he did at trial, that merely rereading the original charge was an inadequate response to the jury’s request for clarification of the concept of reasonable doubt. In defendant’s view, that error rendered the subsequent Allen charge coercive. We cannot agree.
It has long been the law in this State that the trial court, in responding to jury inquiries, must give meaningful supplemental instructions. In the seminal case, People v Gonzalez (293 NY 259, 262), this court unequivocally stated that section 427 of the Code of Criminal Procedure, the predecessor to CPL 310.30, “leaves to the trial court no discretion whatever as to whether or not to answer a proper question from the jury, even though the original charge contains a correct answer to that same question.” There, the jury made a specific inquiry concerning the critical element of premeditation, requesting aid in understanding the application of the law to the facts. The Trial Judge responded that he could not answer the question in the form tendered, and offered only to reread any portion of *302 the charge the jury might request. As the Court of Appeals observed, the response “was no less than a refusal to reinstruct them as to an applicable proposition of law, a refusal to clarify their doubts” (293 NY, at p 261).
The basic propositions of Gonzalez concerning the trial court’s obligation to advise the jury adequately have been consistently reaffirmed (see People v Miller, 6 NY2d 152; People v Gezzo, 307 NY 385; People v Lupo, 305 NY 448; People v Flynn, 290 NY 220). This court, however, has never adopted a per se rule concerning the adequacy of a court’s response or prohibited in every case the rereading of the original charge. It is only “ ‘where the court fails to give information requested upon a vital point’” that an omission cannot be ignored (People v Gonzalez, 293 NY, at p 263, supra, quoting dissenting opn of Lehman, Ch. J., People v Cooke, 292 NY 185, 193). The error is not so much that an instruction is inadequate in some legal respect, but that the jury, misled by or not comprehending the original charge, remains perplexed about the elements of the crime or the application of the law to the facts. Where the jury expresses no confusion and the original charge is clear, however, a different charge may well be simply an exercise in semantics and could itself create the confusion sought to be avoided.
The trial court, required under CPL 310.30 to “give such requested information or instruction as the court deems proper”, is vested with some measure of discretion in framing its response and is in the best position to evaluate the jury’s request in the first instance. But that discretion is circumscribed, as under the prior code provision, by the requirement that the court respond meaningfully to the jury’s request for further instruction or information (see People v Gonzalez, supra; People v Duncan, 46 NY2d 74, 79, cert den 442 US 910). The factors to be evaluated are the form of the jury’s question, which may have to be clarified before it can be answered, the particular issue of which inquiry is made, the supplemental instruction actually given and the presence or absence of prejudice to the defendant (see People v La Marca, 3 NY2d 452; People v Jackson, 20 NY2d 440, cert den 391 US 928).
*303 Given these principles, the supplemental instruction charged in this case was not inadequate in any meaningful sense. The concept of reasonable doubt itself defies precise definition. Of necessity, it must be described in general terms that will convey simply to the jury “the difference between a reasonable doubt and one which is based on a whim, sympathy or some other vague reason” (People v Jones, 27 NY2d 222, 227). When the jury requests further instructions on that legal point, such request does not necessarily import that the jury was perplexed or misled by the original charge. Rather, the jury simply may wish to have that critical concept refreshed in their minds or explained in isolation, without the distractions of the remaining portions of the full charge.
The original charge given in this case was neither confusing nor inaccurate (see People v Jones, supra). In seeking further instructions after extensive deliberations, the jury requested, among other things, clarification of the term “beyond a reasonable doubt.” In determining the most appropriate way to handle that request, the court took the view that the original charge could be made no clearer and that any attempt to alter it in light of the extensive deliberations already undertaken would only generate confusion. Although the better practice would have been to inquire of the jury what was unclear to them, they gave no indication after the original charge was repeated that their concern had not been satisfied. Moreover, unlike the premeditation issue involved in People v Gonzalez (293 NY 259, supra), the definition of reasonable doubt is an area of instruction in which amplification often leads to error (see, e.g., People v Garcia, 54 Cal App 3d 61) and in which, therefore, the exercise of discretion to repeat rather than expound upon an original proper instruction should be upheld. Given the subject of inquiry and the adequacy of the charge, it cannot be said that the court’s exercise of discretion was improper.
This is not to say that a mere rereading of an original charge will in every case be the appropriate course to follow. Indeed, if the jury subsequently expresses the need for further instructions, it may well constitute error simply to repeat the charge, for then it may be obvious that the *304 jurors have been left without adequate guidance. This case, however, presents no such showing of error.
Nor was the court’s final supplemental charge to the jury erroneous. As defendant concedes on this appeal, the Allen charge itself was a brief, balanced instruction (cf. People v Ali, 47 NY2d 920, affg 65 AD2d 513). That balance was not upset by the previous charge on reasonable doubt.
Accordingly, the order of the Appellate Division should be affirmed.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed.

. The charge, as it appears in the transcript, included the phrase, “nor is it proof beyond a reasonable doubt” just prior to the phrase beyond “all doubt”. This apparent misspeaking was not repeated in the supplemental charge.

. Defendant does not strenuously urge that the rulings in this regard were erroneous. Nor does this court find them so.

. The supplemental charge did not contain the misstatement noted in footnote 1, supra.