■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSARIO QUINONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hayes, J.), rendered December 3, 1984, convicting him of burglary in the second degree (two counts), criminal mischief in the fourth degree (two counts), and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The prosecutor's statements during his opening remarks were proper and those made during summation were not sufficiently objectionable as to justify reversal, especially when considered in the light of the statements made by the defense counsel attacking the credibility of the People's witnesses and suggesting that the defendant could not understand English well *(see, People v Colon,* 122 AD2d 151; *People v Oakley,* 114 AD2d 473; *People v Pagan,* 63 AD2d 687). In any event, and in view of the overwhelming proof of the defendant's guilt, it cannot be said that he suffered any substantial prejudice as a result of the prosecutor's statements *(see, People v Roopchand,* 107 AD2d 35, 36, *affd* 65 NY2d 837).

The court's charge on the definition of reasonable doubt was complete and accurate. It was not error for the court to instruct the jury that if they had a doubt upon which they believed "a reasonable person [would] hesitate to act", that was a reasonable doubt *(see, United States v Ivic,* 700 F2d 51, 69, n 11). Nor was it error for the court to tell the jury that a reasonable doubt "is a doubt for which a juror can give a reason if he is called upon to do so in the jury room" *(see, People v Malloy,* 55 NY2d 296, 300, 303, *cert denied* 459 US 847). Overall, the effect of these statements, when considered with the rest of the charge on reasonable doubt, was to properly inform the jury that a reasonable doubt was not a doubt based on " 'a whim, sympathy or some other vague reason' ", but rather a doubt which was reasonably based on the evidence or lack of evidence *(see, People v Malloy, supra,* p 303, quoting from *People v Jones,* 27 NY2d 222, 227). Further, as a whole, the court's charge on reasonable doubt compared favorably with that recommended in the Criminal Jury Instructions *(see,* 1 CJI [NY] 6.20), and correctly conveyed to the jury the proper standard of proof *(see, People v Blackshear,* 112

AD2d 1044, 1045). Brown, J. P., Weinstein, Lawrence and Kooper, JJ., concur.