■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO RIVERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered December 3, 1985, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements.

Ordered that the judgment is affirmed.

The defendant contends that the People did not prove the voluntariness of his oral and videotaped statements. The hearing court found that, under the totality of the circumstances, the defendant knowingly and voluntarily waived his *Miranda* rights, as he was twice advised of his rights, stated he understood them, and then began freely answering questions *(see, North Carolina v Butler,* 441 US 369; *People v Harris,* 79 AD2d 615; *People v Baez,* 79 AD2d 608). We find that the hearing court's determination was supported by the evidence *(see, People v Prochilo,* 41 NY2d 759; *People v Armstead,* 98 AD2d 726).

The defendant's claim concerning the court's charge on reasonable doubt has not been preserved for appellate review. In any event, the court's charge on reasonable doubt was complete and accurate. It was not error for the court to instruct the jury that if they had a doubt upon which a reasonable person would hesitate to act, that was reasonable doubt *(see, United States v Ivic,* 700 F2d 51, 69, n 11; *People v Quinones,* 123 AD2d 793, *lv denied* 69 NY2d 749). Overall, the effect of this statement, when considered with the rest of the charge on reasonable doubt, was to properly inform the jury that a reasonable doubt was not a doubt based on " 'a whim, sympathy or some other vague reason' " but rather a doubt which was reasonably based on the evidence or lack of evidence *(see, People v Malloy,* 55 NY2d 296, 303, *cert denied* 459 US 847, quoting from *People v Jones,* 27 NY2d 222, 227).

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Thompson, Bracken and Weinstein, JJ., concur.