■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH HILLMON, Appellant.—Judgment unanimously affirmed. Memorandum: By failing to make a motion pursuant to CPL 330.30, defendant has failed to preserve for review his argument that the court's verdict, following a bench trial, is repugnant (People v Alfaro, 66 NY2d 985, 987; People v Baldwin, 130 AD2d 666, 667-668). We decline to reach this issue in the interest of justice. (Appeal from judgment of Monroe County Court, Maloy, J.—burglary, third degree; criminal mischief, fourth degree.) Present—Doerr, J. P., Denman, Boomer, Pine and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD W. HILL, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's claim that the trial court erred in its charge on the definition of reasonable doubt has not been preserved for appellate review (see, CPL 470.05 [2]; People v Rivera, 135 AD2d 755, lv denied 71 NY2d 901; People v Malverty, 134 AD2d 621, lv denied 70 NY2d 957; People v Fisher, 112 AD2d 378). In any event, the court's charge on reasonable doubt was comprehensive and correct. It was not error to instruct the jury that if they were "satisfied that in entertaining such a doubt [they were] acting as a reasonable person would in a matter of like importance, then that would be a reasonable doubt" (see, United States v Ivic, 700 F2d 51, 69, n 11; People v Jones, 27 NY2d 222; People v Rivera, supra;

*People v Quinones,* 123 AD2d 793, *lv denied* 69 NY2d 749). Overall, the effect of this statement, when considered in conjunction with the remainder of the charge on reasonable doubt, was to properly inform the jury that a reasonable doubt was not a doubt based on " 'a whim, sympathy or some other vague reason' " but rather a doubt which was reasonably based on the credible evidence or lack of credible evidence *(People v Malloy,* 55 NY2d 296, 303, *cert denied* 459 US 847, quoting *People v Jones, supra,* at 227; *see also, People v Rivera, supra).*

We have reviewed defendant's remaining contentions, including those raised in defendant's supplemental *pro se* brief, and we find them to be lacking in merit. (Appeal from judgment of Monroe County Court, Wisner, J.—attempted murder, second degree, and other charges.) Present—Doerr, J. P., Denman, Boomer, Pine and Davis, JJ.