■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK LOPEZ, Appellant.—Judgment, Supreme Court, New York County (Richard T. Andrias, J.), rendered May 5, 1988, convicting defendant after jury trial of burglary in the second degree and sentencing him, as a predicate felon, to 4 to 8 years' imprisonment, unanimously affirmed.

Defendant was in the act of burglarizing the victim's apartment when the victim returned home to find his door chain-locked from the inside. As the complainant tried to unhook the chain from the outside, he had the door suddenly slammed in his face by the burglar inside. Forcing the door open by breaking the chain lock, the victim and his daughter caught

defendant as he tried to make his escape through the window. Defendant denied that the door had ever been locked, notwithstanding physical evidence of the broken chain introduced at trial, and testified that he was a victim of circumstance, having wandered into the vacant apartment in time to see some unknown intruder escaping through the window.

Defendant complains that the Trial Judge misled the jurors on the definition of reasonable doubt. Defendant argues that the burden of proof charge on the question of reasonable doubt violated his due process right to a fair trial. Defendant failed to object to the charge as delivered, and thus the point should be considered waived for purposes of appellate review, even if it involves an error of constitutional magnitude *(People v Thomas,* 50 NY2d 467, 473).

Although the trial court did not call upon jurors to articulate their doubts *(cf., People v La Rosa,* 112 AD2d 954), it was explained to them that a reasonable doubt was one which could be supported by reason based on evidence or lack thereof, rather than on whim, speculation, emotion, bias, prejudice, sympathy or simply a desire to avoid the unpleasant responsibility of returning a guilty verdict if so warranted. Such an instruction is appropriate *(People v Malloy,* 55 NY2d 296, 303, *cert denied* 459 US 847; *People v Quinones,* 123 AD2d 793). Concur—Kupferman, J. P., Milonas, Wallach and Smith, JJ.