■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS MARRERO, Appellant.—Judgment, Supreme Court,

Bronx County (Joan Sudolnik, J.), rendered March 15, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him, as a second felony offender, to an indeterminate prison term of from 5 to 10 years, is unanimously affirmed.

While two undercover officers were participating in a "buy and bust" operation, defendant approached one of the officers and asked her if she was looking for some heroin. The officer said yes and gave defendant $20 for the drugs. Defendant left to retrieve the heroin from a building and returned and gave it to the officer. The other officer was able to watch the entire transaction from nearby. The officers immediately notified their backup team of defendant's description and location, and defendant was apprehended and arrested after he was identified by the officers.

On appeal defendant raises issues regarding the prosecutor's summation and the trial court's instructions to the jury. These claims are unpreserved as a matter of law and we thus decline to address them (CPL 470.05 [2]). However, were we to consider these issues in the interest of justice, we would, nevertheless, find them to be without merit. The prosecutor's comments were fair responses to the defense case *(People v Ashwal,* 39 NY2d 105) and the court's charge was strikingly similar to language that has been held to be proper *(see, People v Malloy,* 55 NY2d 296, 300, *cert denied* 459 US 847).

Defendant asserts that his sentence is excessive and unduly harsh. However, defendant has maintained a persistent involvement in illegal activities and has shown a flagrant disregard for lawful behavior. We perceive no abuse of discretion warranting a reduction in sentence. *(See, People v Farrar,* 52 NY2d 302, 305.) Concur—Ross, J. P., Rosenberger, Ellerin and Wallach, JJ.