■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KURTIS BROWN, Appellant.—Judgment affirmed. Memorandum: On appeal defendant argues that the judgment should be reversed because of prosecutorial misconduct and because of an error in the court's charge on reasonable doubt and in its supplemental charge on the voluntariness of defendant's statements. None of the alleged incidents of prosecutorial misconduct was preserved for our review as a matter of law and we decline to review them in the interest of justice. By failing to object to the court's charge, defendant failed to preserve the alleged errors in the charge for our review as a matter of law *(see, People v Thomas,* 50 NY2d 467, 472) and we decline to

review them in the interest of justice. If we were to reach the merits, we would hold that the charge on reasonable doubt was correct *(see, People v Hill,* 154 AD2d 887, *lv denied* 75 NY2d 813) and that the supplemental charge on the voluntariness of defendant's statements, although it did not refer to the burden of proof, was given immediately after the main charge, which correctly placed the burden of proof on that issue on the People.

The *Rosario* issue defendant has attempted to raise *(People v Rosario,* 9 NY2d 286, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866, *rearg denied* 14 NY2d 876, 15 NY2d 765) is not properly before us. That issue was not raised in the court below, nor was it raised in defendant's brief. Without asking for or receiving permission to file a supplemental brief, defense counsel submitted to the clerk at the time of oral argument a sheet entitled, "Additional Citations or Corrections", in which the additional point was raised. Neither he nor the District Attorney argued this additional point before us.

All concur, Pine, J., not participating. (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Murder, 2nd Degree.) Present—Callahan, J. P., Doerr, Boomer, Pine and Balio, JJ.