■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN MONTALVO and JOSE MORALES, Appellants.—Judgments, Supreme Court, Bronx County (Bonnie Wittner, J., at hearings and jury trial), rendered May 18, 1989, convicting each defendant, respectively, of murder in the second degree, and sentencing each defendant, respectively, to a term of imprisonment of from 15 years to life (defendant Montalvo's sentence to run concurrently with a sentence of imprisonment of from 1 to 3 years imposed simultaneously in connection with an unrelated Bronx County case), and the April 28, 1989 order of the same court denying defendants' motion to set aside the verdicts, unanimously affirmed.

The hearing court properly held that a pretrial photographic identification of defendant Montalvo by an eyewitness to the murder was not unduly suggestive and did not taint the witness' in-court identification. There was ample evidence of independent source identification, as the witness had sufficient opportunity to view defendant Montalvo at the crime scene, and had occasion to note defendant Montalvo's appearance approximately two weeks before the crime *(see, e.g., People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847).

Testimony of the witnesses at a hearing held to determine the admissibility of alleged declarations against penal interest made by co-indictee Peter Ramirez (deceased at time of trial) indicated substantial inconsistencies therein, as well as faulty memory of the witnesses regarding the content of, and circumstances surrounding, the alleged statements. Thus, the hearing court properly ruled them inadmissible as inherently unreliable. Additionally, as the thrust of the alleged statements indicated an exculpatory intent, the hearing court properly ruled that the defendants failed to meet their burden of showing that the declarant was aware that his statements were against penal interest *(see, e.g., People v Maerling,* 46 NY2d 289).

The attempt by defendants to elicit further alleged declarations against penal interest by Ramirez, apparently to the effect that Ramirez admitted stabbing the victim, through the trial testimony of a witness who had already testified that he

saw Ramirez stab the victim, was properly precluded by the trial court on grounds of hearsay and failure of defendants to make a proper offer of proof as to the content and reliability of any such statements *(People v Maerling, supra)*.

Evidence adduced at trial was that in the late evening of September 28, 1987, a group of approximately ten teenagers, including the defendants, accosted the victim, his wife and her 12 year old son, as they walked along a Bronx street. Defendant Montalvo was identified by the victim's wife and her son as the group member that grabbed the boy, struck his mother, and stabbed the victim. Defendant Morales was identified by the victim's wife as a member of the group that struck the victim in the head with a stick or bat. Medical testimony indicated that the victim died from internal injuries caused by two stab wounds to the back and blunt instrument blows to the head resulting in multiple skull fractures and brain damage. Each defendant was previously known to the victim's wife and each was independently identified through pretrial identification procedures, as well as at trial. A number of alibi witnesses testified on behalf of each defendant, essentially placing them at locations other than the crime scene at or near the time of the murder. Viewing this evidence in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the jury's determination of each defendant's guilt beyond a reasonable doubt was amply supported by the evidence *(People v Bleakley,* 69 NY2d 490). Issues of credibility were properly placed before the jury for resolution and its determination, not unreasonable in the circumstances, will not be disturbed *(see, e.g., People v Gruttola,* 43 NY2d 116).

After conducting a fact-finding hearing, the trial court properly denied defendants' motion to set aside the verdict based upon a claim of newly discovered evidence consisting of alleged declarations against penal interest made by an unindicted individual who subsequently invoked his privilege against self-incrimination. Evidence that the youthful declarant lacked understanding of the disserving nature of his statements, combined with the declarant's long delay in coming forward, as well as the lack of independent evidence supporting the statements, rendered such statements inadmissible as declarations against penal interest *(People v Maerling, supra)*. Additionally, the trial court properly found that even if those portions of the declarant's statements that would reasonably be viewed as against penal interest had been

admitted at trial, in light of the People's strong eyewitness evidence, defendants failed to show by a preponderance of the evidence that the offered new evidence would have resulted in more favorable verdicts (CPL 330.30). Concur—Murphy, P. J., Carro, Rosenberger, Ross and Rubin, JJ.