■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SOLIS, Appellant. [627 NYS2d 408] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered May 3, 1993, convicting him of burglary in the first degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that a supplemental instruction on the burden of proof of an alibi defense was required in response to one of the jury's requests for information. We disagree. Pursuant to CPL 310.30, the trial court is required to respond meaningfully to the jury's requests for further information or instructions, but the framing of the response is within the discretion of the court *(see, People v Malloy,* 55 NY2d 296, 302, *cert denied* 459 US 847). Here, there was no alibi defense. The prosecutor's summation comment on the defendant's own testimony that he was not at the crime scene was a fair comment on the evidence *(see, People v Ashwal,* 39 NY2d 105, 109) and did not create a necessity for an instruction for an alibi defense. Instructing the jury on the burden of proof on an alibi defense would have gone beyond the evidence *(see, People v Ashwal, supra).* Thus, the court's supplemental instruction which instructed the jury not to go beyond the evidence was proper. Bracken, J. P., Copertino, Krausman and Florio, JJ., concur.