■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREMAYNE DURHAM, Appellant. [629 NYS2d 389] —Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered October 14, 1992, convicting defendant, after a non-jury trial, of rape in the first degree (two counts) and sexual abuse in the first degree, and sentencing him to concurrent terms of 4 to 12 years (twice) and 1 to 3 years, respectively, unanimously affirmed.

Viewing the evidence in a light most favorable to the prosecution and giving it the benefit of every reasonable inference (*People v Malizia*, 62 NY2d 755, 757, *cert denied* 469 US 932), the complainant's testimony was legally sufficient to support every element of the crimes charged, including the element of forcible compulsion by threats (*see, People v Thompson*, 72 NY2d 410). Moreover, upon an independent review of the facts, including the complainant's prompt outcry to friends and the police and her distress in the hours after the incident, and defendant's evasiveness when called by the police, his postarrest attempts to convince the complainant to drop the charges, and the interest of his character witness in the outcome of the case, we find that the verdict was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490). The issues raised by defendant concerning the complainant's credibility, including those that arose from testimony concerning her initial interest in defendant and her attempts at resistance during the rape supposedly showing that she was not intimidated, were properly placed before the factfinder, and we find no reason to disturb its determination. Nor did the court err in precluding defendant's mother from testifying concerning the content of a

telephone conversation she had with the complainant three months after the crime, where the proposed testimony was not supported by an offer of proof adequate to permit a determination that it was relevant to the complainant's state of mind at the time of the incident (*see*, *People v Montalvo*, 178 AD2d 147, 147-148, *lv denied* 79 NY2d 1005). We perceive no abuse of sentencing discretion. Concur—Sullivan, J. P., Rosenberger, Ellerin, Rubin and Mazzarelli, JJ.