■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HOUGH, Also Known as MARC JACKSON, Appellant. [687 NYS2d 899] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered August 7, 1996, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a term of 6 to 12 years, unanimously affirmed.

The victim's identification of defendant as one of the persons who robbed his store took place in the store, one month after that initial robbery, when defendant was being arrested for robbing it again. Under these circumstances, the court struck an appropriate balance (*see, People v Ventimiglia*, 52 NY2d 350) by permitting the prosecution to reveal simply that defendant was being arrested for a crime. Moreover, the court's limiting instructions prevented any undue prejudice to defendant.

Defendant did not preserve his challenge to the court's charge on the jury's duty not to draw negative inferences from defendant's failure to testify, and we decline to review it in the interest of justice. Were we to review this claim, we would find that the charge was unnecessarily lengthy but not unduly prejudicial.

The court's supplemental instruction, when read as a whole and with particular reference to the court's admonitions against speculation, was a proper response to inquiries from the deliberating jury concerning a matter not in evidence (*see, People v Malloy*, 55 NY2d 296). Concur—Rosenberger, J. P., Williams, Rubin, Mazzarelli and Friedman, JJ.