■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR MITCHELL, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN HUDSON, Appellant. [693 NYS2d 3] —Judgments, Supreme Court, New York County (Bonnie Wittner, J.), rendered June 18, 1993, convicting defendant Oscar Mitchell, after a jury trial, of conspiracy in the second degree, burglary in the first degree and attempted robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 12½ to 25 years consecutive to two concurrent terms of 7½ to 15 years, and convicting defendant Calvin Hudson, after the same jury trial, of criminal possession of a controlled substance in the first and third degrees, conspiracy in the second degree, burglary in the first degree and attempted robbery in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 23 years to life, 12½ to 25 years, and 12½ to 25 years, consecutive to two concurrent terms of 7 to 14 years, unanimously affirmed.

The verdicts were based on legally sufficient evidence and were not against the weight of the evidence. Contrary to defendant Mitchell's argument, there was ample evidence linking him to each of the crimes, as well as ample corroboration of accomplice testimony, including extensive police observations.

Defendant Hudson's challenge to the geographical jurisdiction of New York County is both waived and without merit, for the reasons stated by this Court in connection with a similar claim made by a codefendant (*People v Green*, 235 AD2d 284, *lv denied* 89 NY2d 1035).

Hudson's motion to suppress evidence obtained through a search warrant was properly denied. We find nothing "stale" about the information supporting the warrant application, some of which information was only a few hours old, and conclude that the informant's reliability and basis of knowledge were amply established.

Mitchell's motion to suppress identification testimony was properly denied. We see no reason to disturb the court's credibility determinations.

The court's response to a note from the deliberating jury was a proper exercise of discretion (*see*, *People v Malloy*, 55 NY2d 296, *cert denied* 459 US 847).

We perceive no abuse of sentencing discretion.

We have considered and rejected each defendant's remaining claims. Concur—Williams, J. P., Wallach, Andrias and Friedman, JJ.