■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD FONTENEZ, Also Known as JULIO AGOTA, Appellant. [760 NYS2d 315] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered March 8, 2000, convicting defendant, after a jury trial, of two counts of murder in the first degree, four counts of murder in the second degree and two counts of kidnapping in the first degree, and sentencing him to life without parole on the first degree murder convictions, and 25-year terms on all other convictions, unanimously affirmed.

The court's *Sandoval* ruling was a proper exercise of discretion in which the court carefully balanced the probative value of the convictions against the potential for undue prejudice (*see People v Hayes,* 97 NY2d 203 [2002]; *People v Walker,* 83 NY2d 455, 458-459 [1994]; *People v Pavao,* 59 NY2d 282, 292 [1983]). Defendant's prior convictions demonstrated his willingness to put his interests above those of society, and the court precluded certain particularly prejudicial details.

The court's responses to the jury's questions were meaningful and appropriately conveyed to the jury the proper standards concerning voluntariness of statements, as applicable to the facts of the case (*see People v Malloy,* 55 NY2d 296 [1982], *cert denied* 459 US 847 [1982]; *see also* CPL 60.45 [2] [b] [i]). The court made it clear that an involuntary statement is to be disregarded even if truthful, and gave the jury suitable guid-

ance for dealing with a fact pattern in which part of a statement could be found to be voluntary and another part found to be involuntary.

We perceive no basis for reducing the sentence. Concur— Nardelli, J.P., Mazzarelli, Rosenberger, Ellerin and Gonzalez, JJ.