Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered December 12, 2007, convicting her of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was to suppress her statements to law enforcement officials.
*564 Ordered that the judgment is reversed, on the law, and a new trial is ordered.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant, acting personally or in concert with another, by her actions or her failure to act upon a legally imposed duty, committed the crime of murder in the second degree as defined in Penal Law § 125.25 (4).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
We disagree with the defendant’s assertion that, prior to waiving her Miranda rights (see Miranda v Arizona, 384 US 436 [1966]) and making certain inculpatory statements, she was denied the right to counsel (see generally People v Grice, 100 NY2d 318, 321 [2003]). Accordingly, we uphold the denial of that branch of her omnibus motion which was to suppress those statements.
However, the defendant is entitled to a new trial because the County Court erred in failing to properly respond to a critically important note from the jury. In this case, the People theorized that the defendant committed the murder of her young child either personally or by acting in concert with the child’s father, and that her culpable conduct consisted either of her actions or her failure to perform a legally imposed duty owed by her to her child. The jury was given instructions on these various theories. During deliberations, the jury sent out a note asking: “Can a person be considered ‘in concert’ by doing nothing to cause the death of the victim except for not doing anything after the death (Such as calling police, hospital, etc.).” Over the defendant’s objection, the County Court reread its original instructions on accessory liability, criminal liability based upon a person’s failure to perform a legally imposed duty, and the substantive law regarding the charged crime.
Pursuant to CPL 310.30, the trial court has an obligation to meaningfully respond to all questions from the jury during deliberations (see People v Almodovar, 62 NY2d 126, 131 [1984]; *565 People v Malloy, 55 NY2d 296, 301 [1982], cert denied 459 US 847 [1982]). Although simply rereading the original instructions may, under the appropriate circumstances, constitute a meaningful response (see People v Malloy, 55 NY2d at 302), in this case it was error for the County Court to respond to the jury’s question by simply rereading its original jury instructions which led to the jury’s confusion (see People v Chessman, 75 AD2d 187 [1980]; People v Botteri, 50 AD2d 540 [1975]; People v Gonzalez, 293 NY 259 [1944]; see also Schwabach v Beth Israel Med. Ctr., 72 AD2d 308, 312 [1980]). Rather, the County Court should have explained to the jury that any act or omission by the defendant after the victim had already died could not form the basis of a finding of guilt (see People v Dlugash, 41 NY2d 725, 731 [1977] [“Man dies but once”]), and that the People bear the burden of proving beyond a reasonable doubt that the victim was alive when the alleged crime was committed (id. at 731). The time of death was a heavily litigated issue in this case, and failing to respond appropriately to the jury’s question may have allowed the jury to improperly convict the defendant solely for conduct which occurred after the victim had already died.
We also address several contentions raised by the defendant which are likely to arise in á new trial.
The County Court should have permitted the defendant to introduce, for the truth of the matter asserted, the hearsay statement of her codefendant in which he admitted to killing the victim. Although the defendant is only able to offer the statement as hearsay within hearsay, the statement satisfies the requirements for a statement against penal interest as to the first level of hearsay (see People v Shortridge, 65 NY2d 309, 312 [1985]; People v Brown, 26 NY2d 88, 94 [1970]), and indicia of trustworthiness exist in this case which would allow the statement to be introduced into evidence for its truth (see Chambers v Mississippi, 410 US 284, 302 [1973]; see also People v Settles, 46 NY2d 154, 169-170 [1978]; People v Smith, 195 AD2d 112, 125 [1994]).
Additionally, although the expert testimony regarding “child abuse syndrome” was permissible pursuant to People v Molineux (168 NY 264 [1901]) to demonstrate that the fatal injury was not accidentally inflicted (see People v Henson, 33 NY2d 63, 74 [1973]; People v Pope, 241 AD2d 756 [1997]), it was improper for the prosecution to introduce testimony that child abuse syndrome was the cause of death under the circumstances of this case, where the prosecution’s medical experts testified that a discrete injury (a brain stem injury) caused the victim’s death. This was not a case where the prosecution’s theory was that the *566 cumulative effect of numerous minor injuries caused the victim’s death (cf. Bryant v Lord, 2007 WL 3284629, *2 n 4, 2007 US Dist LEXIS 82147, *5 n 4 [SD NY 2007] [“The autopsy specifically found that the cause of death was child abuse syndrome and that no single injury caused the child’s death”]).
The defendant’s remaining contentions either are without merit or have been rendered academic in light of our determination. Santucci, J.E, Angiolillo, Dickerson and Austin, JJ., concur.