With regard to the conviction under Penal Law § 265.03 (1) (b), the circumstances of defendant’s possession of a loaded firearm, viewed in light of the statutory presumption of unlawful intent (Penal Law § 265.15 [4]), provided legally sufficient evidence of defendant’s intent to use a weapon unlawfully against another. Evidence that defendant’s shooting of his cousin was accidental did not warrant a different conclusion, since the People were not required to prove that defendant specifically intended to use the weapon against any particular person. With regard to the conviction under Penal Law § 265.03 (3), defendant failed to preserve his claim that the evidence was insufficient to establish possession outside defendant’s home or place of business, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits, because the only reasonable interpretation of a portion of defendant’s admission to a friend was that the shooting took place outdoors. With regard to both convictions, we also find *409 that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]).
Defendant did not preserve his challenges to the prosecutor’s summation and the court’s response to a jury note, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal as to either issue (see People v D’Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]; People v Malloy, 55 NY2d 296 [1982], cert denied 459 US 847 [1982]).
Defendant asserts that his counsel rendered ineffective assistance by failing to raise the unpreserved issues. To the extent the record permits review, we conclude that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that his counsel’s failure to raise these issues fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial, affected the outcome of the case, or caused defendant any prejudice.
We perceive no basis for reducing the sentence. Concur— Saxe, J.P., Friedman, Acosta, Renwick and Freedman, JJ.