People v Reid (2019 NY Slip Op 01375)





People v Reid


2019 NY Slip Op 01375


Decided on February 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2019

Renwick, J.P., Richter, Tom, Kahn, Moulton, JJ.


8533 5139/16

[*1]The People of the State of New York, Respondent,
v
Ricardo Reid, Defendant-Appellant.


New York County Defender Services, New York (Brad Maurer of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Ellen Stanfield Friedman of counsel), for respondent.



Judgment, Supreme Court, New York County (Gilbert C. Hong, J.), rendered April 13, 2018, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.
The court provided a meaningful response to the deliberating jury's inquiry about the market value of a coat stolen from a store (see People v Santi, 3 NY3d 234, 248-249 [2004]; People v Malloy, 55 NY2d 296, 301 [1982] cert denied 549 US 847 [1982]). The court correctly instructed the jury that although a store's price tag ordinarily reflects the item's market value, the jury, as the finder of fact, could consider all of the evidence to come to its own conclusion as to market value (see People v Irrizari, 5 NY2d 142, 146 [1959]). The instruction made clear to the jurors their role as factfinders in determining market value, even where there is a price tag, notwithstanding the court's omission of language in Irrizari (5 NY2d at 146) that the listed price of an item stolen from a department store is not "necessarily conclusive" of its market value.
In any event, there was no evidence to suggest that, although the coat was offered for sale at $2150, its actual market value was somehow less than $1000, the threshold for fourth-degree grand larceny. On the contrary, there was testimony that $2150 was already a deeply discounted sale price.
The court followed the procedures set forth in People v O'Rama (78 NY2d 270 [1991]) in responding to the jury note. Defense counsel received notice of the note and was given ample opportunity to suggest an appropriate response. The court also apprised counsel of the substance of its intended response (id. at 278), and it was not required to spell out the response verbatim.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 26, 2019
CLERK