People v Robins (2019 NY Slip Op 08535)





People v Robins


2019 NY Slip Op 08535


Decided on November 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 26, 2019

Mazzarelli, J.P., Kapnick, Gesmer, Moulton, JJ.


10447 416/16

[*1] The People of the State of New York, Respondent,
v
Tyrone Robins, Defendant-Appellant.


David Louis Cohen, Kew Gardens, for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Victoria Muth of counsel), for respondent.



Judgment, Supreme Court, New York County (Abraham L. Clott, J.), rendered February 15, 2017, as amended April 7, 2017, convicting defendant, after a jury trial, of burglary in the third degree (four counts), robbery in the third degree and attempted petit larceny, and sentencing him, as a second felony offender, to an aggregate term of 8 to 16 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of directing that all sentences be served concurrently, and otherwise affirmed.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record, with particular regard to counsel's strategic choices (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Although defendant made a CPL 440.10 motion, it was on different grounds from those raised on appeal, and it is not presently before this Court in any event. Accordingly, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case. There is nothing to indicate that the strategy proposed by defendant on appeal had any greater chance of success than the strategy actually employed by trial counsel (see People v Mendoza, 33 NY3d 414 [2019]; People v Zayas, 89 AD3d 610, 611 [1st Dept 2011], lv denied 18 NY3d 964 [2012]).
The court provided a meaningful response to a jury note (see People v Malloy, 55 NY2d 296, 302 [1982], cert denied 459 US 847 [1982]). Defendant was not prejudiced when the court elaborated on its single-word answer to the jury's question by rereading a statutory definition that had been included in the main charge (see People v Lourido, 70 NY2d 428, 435 [1987]).
We find the sentence excessive to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 26, 2019
DEPUTY CLERK