People v Manzano (2022 NY Slip Op 01040)





People v Manzano


2022 NY Slip Op 01040


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2017-10142
 (Ind. No. 466/16)

[*1]The People of the State of New York, respondent,
v
Riadel R. Manzano, appellant.


The Tuohy Law Group, PLLC, Huntington, NY (Matthew Tuohy of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Priscilla Steward and James F. Gibbons of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Meryl J. Berkowitz, J.), rendered August 15, 2017, convicting her of offering a false instrument for filing in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
In August 2017, the defendant was convicted of offering a false instrument for filing in the first degree, upon a jury verdict, in connection with her submission of an allegedly fraudulent document to a Department of Health investigator.
Contrary to the People's contention, when the jury was deliberating, the County Court failed to meaningfully respond to one of the jury's notes. "Pursuant to CPL 310.30, the trial court has an obligation to meaningfully respond to all questions from the jury during deliberations" (People v Abdul, 76 AD3d 563, 564; see People v Malloy, 55 NY2d 296, 301). "Although simply rereading the original instructions may, under the appropriate circumstances, constitute a meaningful response" (People v Abdul, 76 AD3d at 565), here, it was error for the court to respond to the jury's last question about the elements of one of the charges by simply rereading its original instructions. The jury had previously sent a note about that charge demonstrating its initial confusion about that instruction (see id.; People v Chessman, 75 AD2d 187, 194-195). The record reflects that defense counsel and the court perceived that, with respect to the jury note at issue, the jury may have been asking whether the defendant was required to know of the falsity of the information in the document that was alleged to contain false information at the time she submitted it to the Department of Health investigator. Notwithstanding its perception about the jury's inquiry, the court did not seek any further clarification from the jury about that note. Under these circumstances, at a minimum, the court should have asked the jurors to again clarify their request (see People v Gezzo, 307 NY 385, 397).
Since this error bore on an element of the charge, the defendant was prejudiced by it (see e.g. People v Abdul, 76 AD3d at 565), and thus, we reverse the judgment and order a new trial.
DUFFY, J.P., CHAMBERS, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court